**PECKHAM et al. v. CLARK et al.　(No. 2794.)**

Court of Civil Appeals of Texas. Amarillo. March 23, 1927.

Rehearing Denied May 11, 1927.

**1. Dismissal and nonsuit ⬉81(2)—Trial judge has large discretion in proceedings to vacate order of dismissal.**

Proceeding in nature of bill of review to vacate order of dismissal raises matters largely within discretion of trial judge.

**2. Dismissal and nonsuit ⬉81(6)—Vacating order of dismissal entered without notice as part of omnibus order held not abuse of discretion, where delay in seeking vacation was due to improper record entries.**

After court by omnibus order dismissed large number of cases, designating them by numbers only, court's action in setting aside dismissal order, entered without notice in one of such cases, was not abuse of discretion, where delay in instituting proceedings for vacation was result of inability to locate proper records; clerk having failed to make correct entries in docket, minutes, and index.

Appeal from District Court, Wichita County; Guy Rogers, Judge.

Action by C. H. Clark and others, as trustees of the Shamrock Oil Company, against G. W. Peckham and others, in which defendants asserted a cross-action. Proceedings by plaintiff, after entry of an order of dismissal, to have such order vacated. Judgment setting aside order of dismissal and reinstating case on plaintiffs' motion for new trial, and defendants appeal. Affirmed.

Weeks, Morrow, Francis & Hankerson, of Wichita Falls, for appellants.

Bullington, Boone, Humphrey & King, of Wichita Falls, for appellees.

HALL, C. J. This proceeding was instituted by the appellee Clark and others, as trustees of the Shamrock Oil Company, against G. W. Peckham, Jim Robinson, Jr., B. L. Fain, and John F. Robinson, in the nature of a bill of review to vacate an order rendered in the district court on April 14, 1924, dismissing the case from the docket of said court. The bill of review was filed October 17, 1925, and alleges, in substance, that on June 28, 1921, the appellees here, who were plaintiffs below, filed this suit against the appellants to recover the sum of $20,000 on

an account growing out of certain drilling operations upon an oil lease in Young county; that in said suit the appellants asserted a cross-action to certain items, aggregating $4,587.13 more than the amount claimed against them in plaintiffs' petition. The bill of review further alleges that at the March term, 1924, of the Seventy-Eighth district court, on or about the 14th day of April of said term, this case was unexpectedly called for trial and that neither of the numerous parties nor their attorneys were present, they having no notice of the setting of the case or that it would be called for trial on that date; that, notwithstanding these facts, because of the absence of appellees' and their attorneys, the case was dismissed by the court, together with about 75 other cases, by an order of dismissal, as follows:

"April 14, 1924.

"This day the following cases were called for trial by the court, and, no counsel appearing in the cases, the same were dismissed by the court for want of prosecution, to wit."

This entry is followed by a long list of numbers without the names of the cases being stated. The number of this case, viz. 11109, appears in the list.

The bill of review further alleges that the appellees had no knowledge of the dismissal order, and were prevented from ascertaining that the case had been dismissed because of the following facts: (1) Through mistake there was made in this case two trial docket sheets; one of these trial docket sheets being found in the court's trial docket on pending cases and bearing on its face the notation, "Judgment by default," which notation had been stricken out. (2) The order of dismissal which had been rendered in this case on April 14, 1924, was not indexed so that the same could be found. (3) The appellees' attorneys at the times examinations were made by them of the condition of the court's trial docket were, by reason of the above, misled into believing that no action had been taken in the case, and that it was still pending on the docket. (4) That, after attorneys for appellees had been apprised by attorneys for appellant that the case had been dismissed and had located in the docket of closed cases a second trial docket sheet of this case, bearing the notation, "April 14, 1924, Dismissed," no index had been made of this order, nor had the order been written into the minutes of the March term, 1924, of said court, and that appellees' attorneys, although they searched through the minutes of said court for the March term, were unable to find any order of any description dismissing the case for want of prosecution, and, although to make doubly sure they had procured the assistance of the district clerk in examining the index and minutes of the court, neither they nor the district clerk were able to find

any order of dismissal, and by reason thereof appellees' attorneys were misled into believing that in fact no such order had been made. (5) On October 12, 1925, the appellees' attorneys, having set the case for trial, were again advised by appellants' attorneys that the case actually had been dismissed, and in company with said appellants' attorneys for the first time they definitely ascertained that an order of dismissal had been entered in this cause, which order, although dated April 14, 1924, did not appear in the minutes of the Seventy-Eighth district court for the March term, 1924, but appeared in the minutes for the May term, and that the order had not even at that time been indexed, and the failure of appellees' attorneys to previously ascertain the facts was due to the errors and omissions in the records and minutes of the court rather than to the negligence of appellees' attorneys. (6) That on October 17, 1925, five days after appellees' attorneys had, for the first time, definitely ascertained that the case had been dismissed, they filed their bill of review, which shows a meritorious cause of action, and alleges its dismissal due to accident and mistake and not negligence. (7) That the plaintiffs were ready for trial at the September term, 1921, and at subsequent terms thereof, that at the plaintiffs' instance and request the cause had been set for trial on various dates, but that plaintiff was unable to get a trial because of the crowded condition of the court's docket, except in one instance, when plaintiffs were obliged to ask for a continuance because of the absence of material testimony. The prayer is that notice be issued, and that, upon a hearing, the order dismissing the case be set aside.

The appellants, Peckham et al., filed their answer to the bill of review, consisting of general demurrer, special exceptions, and under oath alleged that, after they had filed an answer in the original case, the same was set for trial about the 1st of November, 1921, and at that time was continued at the request of plaintiffs; that it continued on the docket for more than 3½ years without any action of any kind being taken with respect thereto; that on appearance day of the March term, 1924, the judge of said court announced that all cases pending in said court, which had been filed for at least two years and with respect to which no action had been taken, he was going to dismiss the same unless some action was taken within said term with regard thereto; that none of the parties took any action with regard to this cause, and it was, on April 14, 1924, dismissed by the judge of said court for want of prosecution, and at the ensuing May term the judgment of dismissal theretofore signed by the court was entered upon the minutes in volume 4, p. 938 thereof; that these defendants were not advised of said dismissal until Sep-

tember, 1924, at which time defendants' counsel, in checking the records, ascertained that said suit had been dismissed for want of prosecution; that the same was not dismissed by reason of fraud, accident or mistake, but was done by the Judge in order to clear his docket of long standing cases in which no action had been taken; thereupon the defendants' counsel notified his clients that the case had been dismissed for want of prosecution, and the aforesaid defendants treated said case as dismissed; that in September, 1924, more than a year prior to the time this bill of review was filed, counsel for plaintiffs advised defendants' counsel that he desired to have said case set down for trial, and was then informed by defendants' counsel that he had been advised upon checking the records that the case had been dismissed, but that he would agree to reinstating the case if it were satisfactory with defendants; that defendants would not agree to reinstating the case, for the reason that at said time they were not in position to make a proper defense thereto, due to long lapse of time since the original transaction; that nothing was thereafter done with regard to the reinstatement of the case until this bill of review was filed October 17, 1925, more than a year after plaintiffs' counsel had been advised that the case was dismissed; that the dismissal, dated April 14, 1924, was a valid and binding order of the court, was not entered through fraud, accident, or mistake, but by reason of the fact that the court desired to rid his docket of old cases.

Upon the issues thus formed, the court heard evidence, and on the 23d day of January, 1926, entered a judgment denying the appellees relief under their bill of review, to which action of the court the appellees excepted and gave notice of appeal. Thereafter the appellees filed a motion for new trial, and, on the 23d day of February, 1926, the court, upon consideration of said motion, entered a judgment setting aside the order of dismissal and reinstating the case upon the docket of the court.

The first proposition presented is, Was the order entered on April 14, 1924, a judgment of dismissal? It will be observed that the order included about 75 cases, dismissing them by wholesale, without even giving the style of any case; the only designation of the cases proposed to be dismissed is by docket number. It does not dispose of any of the parties by name, and does not purport to have been entered upon the motion of any party to any of the cases which it attempted to dismiss. We have not been able to find a Texas case directly in point, but, in the case of Wooton v. Manning, 11 Tex. 327, it is said:

"The only judgment is that rendered for the plaintiff; and the statement, in the entry of that judgment, that 'this cause is dismissed,' must be, we conclude, a clerical misprision.

It is so repugnant to what precedes and follows it, that we cannot suppose it truly to represent the action of the court. Besides, it has been repeatedly decided, that these, or equivalent words, without more, do not amount to a judgment of dismissal," etc.

Aside from this case, however, we are of the opinion that the judgment of the court setting aside the order of dismissal should be affirmed upon the equities disclosed by the record.

One of the appellees' attorneys who was directly connected with this case testified that he took judgment against the defendants by default soon after the case was filed, but by agreement of counsel this judgment was set aside. He further testified that another member of his firm who was specially handling the case got it up for trial once or twice, and that it had to be postponed once on account of the sickness of one of the plaintiffs' witnesses. He further testified in substance that in 1921, after the default judgment was set aside, the dockets of the district court in Wichita county were congested, and it was hard to get a trial. After the docket had been cleared up to some extent, the case was set down for trial, but for some reason was postponed; that the member of his firm who had specially prepared the case for trial withdrew from his firm, and, in the division of the firm business this case was allotted to that member; that later their clients came to witness and asked him to assist in taking care of the case and in the trial thereof; that he went to the courthouse to find the papers in the case and also searched the offices of his firm and failed to find them; that he phoned a member of the firm of attorneys representing appellants, who told him that he thought the case had been dismissed, and that to the best of witness' recollection that was during the March term, 1924; that he had never heard of the dismissal of the case, or that it had been set for trial after it had previously been postponed; that he had no notice of the setting of the case at the date it was marked dismissed, and had no notice that any action had been taken by the court in regard to it; that the first notice he had was when appellants' counsel told him it had been dismissed, but without his knowledge. Witness further stated that he told another member of his firm to take charge of the case; that he never did find the papers; that he searched every office in town where they possibly could have been found, and could not locate them; that they put in about two weeks' time trying to find the papers, because his firm was being criticised for the manner in which the case was handled.

Another attorney of appellees testified that he first became connected with the case in August or September, 1924; that he looked for the papers in the clerk's office, and all he found was the jacket or scabbard, the origi-

nal answer of the defendants, and a copy of the citation; that he searched the office of his firm in vain, and that, together with one of appellants' attorneys, he went to the courthouse to make an examination of the dockets to ascertain, if possible, the exact status of the case; that he found the docket sheet which bore only this notation, "Judgment by default," and which had been scratched out; he then went to the minutes of the district court to see if he could find wherein a judgment had been rendered in the case; that he found no judgment entry or index of any such a judgment and concluded that appellants' counsel was mistaken in believing that the case had been dismissed; that together with another member of his law firm they made a second search of their offices for the files and failed to find them, and they were finally found by the file clerk among the files of the Shamrock people when they were cleaning out their office; that, after being again assured by appellants' counsel that the case had been dismissed, he made a second trip to the courthouse and went through the court files and found another docket sheet which bore the notation, "Dismissed 4—14—24"; that he then inspected the index of the minutes of the March term, 1924, from beginning to end, and on page 20 found where the minutes had been closed for the term and signed by the trial judge, but that they contained no order or judgment dismissing any case at that term; that he then called the district clerk to his assistance, and together they made another thorough search and were unable to find in the minutes of the March term any further entry; that he then concluded no judgment had actually been rendered or entered; that the district clerk then took the docket sheet out of the closed cases docket and put it in the live files, and as soon as the September term of the court opened he asked to have the case set down for trial on October 12th; that, when the case was called on October 12th, appellants' counsel, who was then in France, had not returned, and that he asked that the case be set for October 19th; that, when he notified appellants' counsel of the setting, appellants' counsel said that a judgment had been entered and he could show it to witness; that they went to the clerk's office on October 12th, and was shown this order, dated April 14, 1924; and that five days thereafter this bill of review was filed.

The district clerk testified, in substance, that he remembered the fact that appellees' counsel had taken up the matter with him to ascertain whether or not a judgment had been rendered and entered in this case, and that he remembered making a search for it; that together they went through the records of the office trying to find the papers or the judgment; that they found the trial docket and found two docket sheet leaves; that they searched the index first and found no order

(294 S.W.)

of dismissal indexed, and that the first time the order was indexed was when the dismissal order was found; that in the minutes of the May term there is a general order of dismissal made as to some one hundred or more cases; that it was his custom to have the court's docket leaves and enter the written order from that, and, when the court makes a lot of dismissals, to write them up; however, at that time they did not style the cases, but that the number designates the case; that it was a fact the minutes for the March term were concluded on page 20 of volume 4 of the minutes; and that this order of dismissal appears after the end of the minutes for that term.

Appellants' counsel testified, without material conflict, with the above-stated testimony.

Judge Napier, upon whose order the cases were dismissed, testified that he resigned in October, 1924; that he did not think the court docket was so congested in the early part of 1923 and during the years 1923 and 1924 that it was difficult to get a trial; that along about the latter part of 1923 and early part of 1924 he had a large number of old cases on the docket that appeared to him would never be tried; that he had called them a great many times and could not get them tried, and he announced that he was going to dismiss them, and afterwards did call and dismiss them. He states that he made some agreement at the time that he would leave the matter open until the expiration of the term for reinstatement; that he does not remember whether it was at that term or the following term that he directed the clerk to enter an order dismissing all of those cases in which no action had been taken, and suggested to the clerk that he put all those cases on the minutes by one order; that the order was entered with his knowledge and approval, and under his direction; that he dismissed them because he did not think there was anything in the cases, and because it seemed no one was sufficiently interested in them to go to trial; that at the time he called the docket and stated that he would dismiss the old cases, he told the attorneys present that they could have until the expiration of the term in which to reinstate them; that, if reinstatement of this case had been sought on any kind of respectable showing, it would have been done.

It further appears from the statement of facts that on the 14th day of April, 1924, the judge entered on his trial docket sheet the following:

"No. 11109—B. C. H. Clark et al. v. G. W. Peckham et al., in the district court, Wichita county, Tex., 4—14—24. Cause dismissed for want of prosecution."

These matters were all presented to the trial judge who succeeded Judge Napier on the bench, and, from his final order setting aside the judgment of dismissal, this appeal is prosecuted.

[1, 2] This is a matter largely within the discretion of the trial judge, and, unless it clearly appears that he has abused his discretion in setting aside the dismissal order, if indeed any such order has ever been legally and properly made, we are not inclined to revise his ruling. That the dockets were congested may be conceded, which accounts for the delay in getting prompt trials of the cases upon call. The two docket sheets, which did not contain the same entries with reference to this case, were in themselves confusing, and the last one was not found until five days before this proceeding was instituted. The failure of the clerk to make a proper docket entry and to enter a proper order of dismissal upon the minutes of the court, and properly index the same, thus resulting in the failure of appellees' counsel to ascertain the true facts, is such an error and mistake as, we think, justified the trial court in granting the relief prayed for. J. W. Crowdus Drug Co. v. Turner (Tex. Civ. App.) 270 S. W. 1042; Hickman v. Swain et al. (Tex. Civ. App.) 210 S. W. 550, 551, 552. An omnibus order, dismissing a great number of cases, designating the cases alone by their numbers, was not such an entry as the law requires. The record shows that the appellees' attorneys used extraordinary efforts to ascertain the condition of the case upon the docket of the court, and, but for the confusion in the clerk's office and the failure to find the last docket sheet and the absence of any index whatever, they might have learned sooner the facts upon which they base their bill of review. At least, there is no such negligence shown as would warrant this court in reversing the trial judge in setting aside the order of dismissal.

The judgment is therefore, affirmed.