## JOHNSON v. HAIGHT.
### No. 3926.

Court of Civil Appeals of Texas. Texarkana. Dec. 5, 1930.

Rehearing Denied Dec. 18, 1930.

Wm. H. Clark, of Dallas, for plaintiff in error.

D. A. Frank and Wilson & Biggers, all of Dallas, for defendant in error.

## LEVY, J.

The defendant in error filed this suit for herself and as next friend of her son, Walter Haight, to recover actual and exemplary damages alleged to have been sustained by illegal ouster by plaintiff in error's agent and acquiesced and approved by him, from an apàrtment which she had rented in the apartment house known as "4311 Ross Avenue" in Dallas. There was a trial before the jury and they made the findings that:

1. Appellant, H. J. Johnson was the owner of the apartment house at 4311 Ross avenue during the period from September 11 to November 2, 1926, inclusive.

2. And had possession and control of said apartment house at the times involved in this suit.

3. Mrs. Allie Kelly was the agent of said H. J. Johnson in charge of the said premises on November 1, 1926.

4. Mrs. Allie Kelly acted as the agent of H. J. Johnson, in putting the personal property of appellee out in the hall on November 1, 1926.

5. The action of Mrs. Kelly in putting the personal property of appellee out in the hall was willful and malicious.

6. Such action of Mrs. Kelly was a direct and proximate cause of the loss of personal property of appellee. Appellee's damages amount to $1,307.50.

11. Appellee was not in default in the payment of rent on November 1, 1926.

12. Mrs. Kelly did not notify appellee that she would have to pay her rent or get out of the apartment.

13. Appellant, H. J. Johnson, with full knowledge, ratified the act of Mrs. Allie Kelly, in putting the personal property of appellee out in the hall of the apartment on November 1, 1926.

These findings of fact are unchallenged on appeal, except the finding as to the amount of damages awarded being excessive. The findings as to amount of damages, having evidence to support them, are adopted. Therefore, all of the above jury findings are made the facts of the present case.

The plaintiff in error timely requested a peremptory instruction to the jury, and assigns error on the part of the trial court in refusing to give it. The request is founded on the theory that the written instrument and the oral evidence conclusively showed that Mrs. Mabel Daniels, and not H. J. Johnson, owned and operated the apartment house, and that Mrs. Kelly was Mrs. Daniel's employee, and manager of the apartment house. There is evidence pointing to the above

---

theory urged by the plaintiff in error, but the evidence is not so conclusive as to warrant the court to sustain the plaintiff in error's contention as a pure matter of law. H. J. Johnson was the owner of the premises, and he and Mrs. Mabel Daniels, as appears, entered into a written "contract agreement" by which H. J. Johnson was to sell the property to Mrs. Mabel Daniels and was "to make and deliver to Mabel Daniels a deed to the above property" (the apartment house) when there had been full payment by Mrs. Mabel Daniels of $12,875, with interest at 8 per cent. from date, payable monthly. The monthly payments were to be made as recited in the contract, in the following manner: "All rents are to be collected and turned over to H. J. Johnson as soon as collected and applied on the above indebtedness," etc. The instrument was an executory contract of sale and did not in express terms confer upon Mrs. Daniels the right of possession. There is some evidence going to show and sufficient to authorize a jury to find that H. J. Johnson exercised actual control over the apartment house at the time in suit for the purpose of collecting rent, and that Mrs. Kelly was under his authority. Mr. Johnson testified, briefly quoting his evidence, that: "Mrs. Haight came to my office and told me that she had looked at this apartment and that Mrs. Kelly (the manager) refused to let her have the apartment unless she paid cash immediately. She wanted to know if I would let her move in or agree to advise Mrs. Kelly to let her move into the apartment. I told her under those circumstances I was inclined to be as easy as I could and would advise Mrs. Kelly to let her move in. Instead of coming in and paying the rent in the two or three days stated, she came something like a month afterwards. She brought $45.00 and said she didn't have a cent to live on nor buy a meal with, and I said, 'Well, in that case I will let you retain $20.00 out of it' * * * the reason I told Mrs. Kelly to let her move in without paying rent (in advance) was because I was responsible for the rentals. They were to come to me. I had enough control that when she tendered $45.00 rent I let her keep $20.00."

The $45 was credited by Mr. Johnson on the contract price of sale of the property. Although Mr. Johnson had contracted to sell the apartment house to Mrs. Mabel Daniels and to make her a deed when she had fully paid $12,875, yet he would not be relieved of all liability in the present case merely because of such contract of sale if he, owning the fee-simple title to the house and under agreement, reserved the right and exercised actual control of the renting out of the apartments in the house and had Mrs. Kelly there in charge thereof as his agent in caring for and renting out and collecting the rent of the apartments for payment on the contract price. The jury was entitled to pass on the issue seemingly arising in the evidence, and there was no error in refusing a peremptory instruction.

Plaintiff in error insists that there was an order of dismissal of the suit for want of prosecution on May 28, 1928, and such order became final, and therefore could not be set aside on December 1, 1928, at another term of court; that there was error in overruling the defendant's motion to strike the second amended original petition. As the record appears, on "November 19, 1928," an order "nunc pro tunc as of May 28, 1928," was entered in the minutes of the court, dismissing the present suit, "for want of prosecution." On October 19, 1928, the plaintiff below filed a second amended original petition which was stricken out on motion of defendant below. November 20, 1928, the plaintiff below filed a motion to set aside the nunc pro tunc order of November 19, 1928, upon the ground, in substance, that no order of dismissal was in fact ever granted or allowed or entered on the docket. The motion also asked to set aside the order striking out the second amended petition. The trial court overruled these motions, but, later, on December 1, 1928, the trial judge upon "his own motion" set aside the two previous orders, allowing an order "nunc pro tunc" and allowing an order striking out the second amended petition. The attempted entry of the order nunc pro tunc at a subsequent term of the court was not beyond the jurisdiction of the court. The power of the court to order nunc pro tunc the entry of the judgment of dismissal was not limited to the term at which the dismissal was ordered. Therefore the court had the right to hear proof, and the plaintiff had the right to present as a defense that the suit had not in fact ever been dismissed for want of prosecution. We must assume, in the absence of evidence to the contrary, that, in setting aside on his motion and not allowing the order nunc pro tunc, the trial judge became convinced that the cause had not, as claimed by the defendant in error, in fact been dismissed in May, 1928, but had merely been passed for trial at a later time. Hence, in legal effect, the suit must be regarded as having the status of being regularly on the docket, and not having been dismissed on May 28, 1928. The filing of the second amended original petition was regular and timely if the suit had not been formerly and regularly dismissed in May, 1928.

We have considered all of the remaining assignments of error presented, and conclude that they should be overruled.

The judgment is affirmed.