## DILLON v. NALL.*

### No. 9838.

Court of Civil Appeals of Texas. San Antonio.

Nov. 4, 1936.

Rehearing Denied Dec. 9, 1936.

───────◆───────

*Note by Supreme Court on dismissal of writ of error Jan. 27, 1937: Under the provisions of art. 1821, R.C.S.1925, the judgment of the Court of Civil Appeals is final in this case, it being a slander suit.

Lewis E. Bartlett, of San Antonio, for appellant.

Moursund, Moursund & Bergstrom, William E. Remy, and W. W. Palmer, all of San Antonio, for appellee.

BOBBITT, Justice.

Appellee alleged in this case that appellant slandered him by falsely accusing him of "stealing appellant's cow" and wrongfully causing his arrest and imprisonment in Bexar county, and asked damages against appellant therefor in the Fifty-Seventh district court of Bexar county. Upon a trial of the issues before a jury—as demanded by appellant—and upon a verdict of such jury, appellee was awarded judgment against appellant in the sum of $1,000 for such alleged wrongful and malicious conduct.

In his motion for a new trial, appellant assigned no errors pertaining to the trial of the cause on the merits. Furthermore, in his brief on this appeal, appellant does not assign any errors or present any propositions of law asserting that there were any errors committed in the trial of the case on the merits. Appellant does raise various questions of procedure, including a plea of former judgment, and which he asserts show conclusively that the case had, before the trial, been dismissed from the docket of the trial court for want of prosecution, never lawfully reinstated or restored to the docket, and that the trial court was, therefore, without authority to proceed with the trial, and that the judgment rendered against him is in effect a nullity.

If the cause was in fact actually and lawfully dismissed from the docket and never properly reinstated thereto, then it was not properly tried on the merits and the judgment is without effect. If, on the other hand, the cause was not in fact so dismissed, but remained on or was lawfully restored to the docket, then, under the record here presented and in view of the position of the appellant before this court, the case should be in all things affirmed.

When all the issues in this appeal are boiled down to reality there is one, and only one, question involved, and the proper answer to that question will dispose of the appeal. That controlling question is: Did the trial judge, Hon. R. B. Minor, on the

date, and under all the disputed facts and conflicting circumstances, in fact, dismiss this cause from the docket of his court?

Under the record here presented this is, of course, a question of fact, to be determined as any other question of fact, by the trial court hearing the issues on proper motion calling such question before the court, or by a jury, if in the discretion of the court he wishes to have such fact decided by a jury. This fact issue was properly raised in this case through the motion of appellant to have the court enter the alleged order of dismissal by Judge Minor entered nunc pro tunc. In this hearing on such motion Special District Judge Marion McClanahan, of the Fifty-Seventh district court, sitting in the absence of, and in place of, Judge Minor, did not call upon a jury to decide the facts, but proceeded to hear all the testimony of the various witnesses and to consider all the evidence submitted, and decided that issue himself. Tex.Jur. vol. 25, pp. 440, 441 and cases there cited; Johnson v. Haight (Tex.Civ.App.) 33 S.W. (2d) 510, 511; Smith v. Moore (Tex.Civ. App.) 212 S.W. 988; Lummus v. Alma State Bank (Tex.Civ.App.) 4 S.W.(2d) 195; Parnell v. Barron (Tex.Civ.App.) 261 S.W. 529.

After a lengthy hearing on the fact question of dismissal, raised as above stated, whereat much testimony was offered, pro and con, the trial judge concluded and found, as a fact, that Judge Minor "did not dismiss plaintiff's (appellee's) cause herein, on March 18, 1935," and thereon concluded, as a matter of law, that "defendant (appellant) is not entitled to and should not have judgment entering judgment of dismissal nunc pro tunc."

At the conclusion of the testimony, the appellant requested the trial court to file his findings and conclusions, with the result as just above stated, following the hearing on his motion. Such motion of appellant for entry of judgment nunc pro tunc, and which was based, necessarily, on the question as to whether the case had in fact been dismissed, was submitted to the trial court as the trier of the facts. The judgment of the trial court finding that the case had not been dismissed is binding on this court, if there is any substantial evidence to support it. Furthermore, in a proceeding of this nature wherein the substantial and fundamental rights of litigants are involved and where such are sought to be taken away from them through the application of rules of procedure—technical or otherwise—the trial court is vested with and should exercise some fair judgment and discretion, in addition to his ordinary duties as a trier of the facts, in order that injustice may not result from their application, in view of the facts and circumstances of the particular case. Gulf, C. & S. F. Ry. Co. v. Canty, 115 Tex. 537, 285 S.W. 296; Peckham v. Clark (Tex.Civ.App.) 294 S.W. 278.

In the case at bar, we must presume that the trial court acted in good faith, gave due consideration to all the evidence, heard and observed all the witnesses as they appeared, and was, of course, in a much better position to arrive at a correct conclusion as to the true facts, than this or any other appellate court. It is for these, as well as other, good reasons that all appellate courts should be slow to set aside or render ineffectual the findings of a trial court. There are many facts and circumstances set forth in the record before us which show that Judge Minor did not intend, and did not in fact dismiss appellee's suit. In any event, and for the reasons stated, this court should not substitute its judgment on the facts for that of the trial court; if such judgment has support in the evidence. Wooton v. Manning, 11 Tex. 327; William Finck & Co. v. Nacogdoches Mercantile Co. (Tex. Civ.App.) 163 S.W. 590; Moore v. Chapman et al. (Tex.Civ.App.) 168 S.W. 6; Johnson v. Haight (Tex.Civ.App.) 33 S.W. (2d) 510.

It appears that appellant does not attack the fact finding of the trial court that the case was not dismissed on the stated date. The transcript contains no bill of exceptions to this action of the trial court. The hearing and ruling on appellant's motion to enter judgment nunc pro tunc is a matter foreign to the issues and the trial of this case on the merits. Such finding of fact by the trial court, not being challenged by appellant by assignments of error, bills of exceptions, or propositions of law, is presumed by this court to be correct. The rule is well established that, where a motion or a case is tried before a court, his findings of fact are presumed to be correct in the absence of any attack by proper assignments of error. It seems, therefore, that appellant should not be further heard to complain that this motion was not properly determined by the trial court. Selkirk v. Selkirk (Tex.Civ.App.) 297 S.W. 578; Harvey Co. v. Braden (Tex.Civ.App.) 260 S.W. 655.

On the question of appellee having filed a motion to reinstate the cause, on the day of the alleged dismissal, and his having filed an alternative plea in this suit to the effect that if the case had, in fact been dismissed, it had also been reinstated, it appears that such action in both instances was, under the peculiar circumstances of the case, proper and in no way prejudicial to the rights of appellee, when fairly and practically considered along with all other proceedings in this case. Furthermore, such action in no way prejudices any right of appellant. He is in no way harmed if one of the attorneys for appellee became excited over a threatened action of the trial court and filed a motion which was, under the facts, wholly unnecessary in the first instance, and purely as an alternative plea in the present suit. At most, such action by counsel for appellee was in the first instance, in so far as this case is concerned, and can be considered only as a circumstance and as evidence as to what the trial judge actually did, as to the dismissal of the suit. This circumstance and all the other circumstances and evidence were considered by the trial court on the question of fact as to the dismissal of the suit, and were found against appellant. An alternative plea, such as appellee filed in this cause, does not affect or limit the integrity of the main plea or any other plea to which it may relate or refer. There was no error on the part of the trial court in overruling appellant's exceptions in this respect, and even if there was, such error becomes wholly immaterial and harmless, in view of the court's finding that the case was never, in fact, dismissed.

Passing now to the controlling question in this case, to wit: Whether or not there is evidence to support the finding and judgment of the trial court that Judge Minor did not in fact dismiss this cause of action on March 18, 1935, it appears that the record in this case fully sustains the action and judgment of the trial court.

In the first place, it affirmatively appears from the record that counsel for appellee were diligent in their efforts to bring this cause to trial, having had it set for trial on several occasions and having appeared in the trial court on the date of the alleged dismissal, just a few moments after the case had been called; his absence on this particular occasion being clearly and satisfactorily explained. In the second place, neither appellant nor any of his attorneys were in court on the date of the alleged dismissal, either for the purpose of having the cause dismissed or of participating in the trial. It is clear from all the facts and circumstances shown by the record, that Judge Minor did not formally pronounce judgment of dismissal of the cause. He was not requested so to do. There was no occasion for such action on his part, particularly when he understood that counsel for appellee had been informed by Clinton G. Brown, Esquire, that his case, which was on the docket ahead of appellee's, would be tried on such date, and appellee's case could not be reached; and because Judge Minor called his docket on this particular date at an earlier time than was customary in his court, and certainly at an earlier time than counsel for appellee understood he called his docket for announcements and settings. Mr. Brown's case was not tried as had been arranged and as he had notified counsel for appellee. The judge then called appellee's case just a few minutes before appellee's counsel arrived in court. The testimony of witnesses Brown, Covington, and Court Clerk Sam Garoni, each of whom testified to direct statements made by Judge Minor on the day in question, together with all the other testimony and circumstances, affirmatively shows that it was not the intention and purpose, and that Judge Minor did not, in fact, dismiss this suit from his docket, as found by the trial court at the hearing held on appellant's motion.

In this connection, when Judge Minor was presented with the usual written order for his signature to give effect to his alleged pronounced judgment, he refused to approve it. This circumstance shows, conclusively, that the judge refused to give effect to the action which appellant now claims was a formal pronouncement dismissing this suit.

The fact that Attorney Covington, for appellee, misunderstood the intention and the action of the judge and prepared and filed a motion to reinstate the case, stating therein that it had been dismissed from the docket, should not and did not, in our opinion, have any particular bearing on the true facts of the case. Furthermore, it must be remembered that Judge Minor, at that particular time, was a sick man. The record shows he left his courtroom that same day and never returned. There was, it appears from the record, much confusion and much difference of honest opinion by the several witnesses as to exactly what, if any, official pronouncement Judge Minor in fact made as to the dismissal or threatened dismissal

of this case. To settle this question definitely and legally each of the parties submitted all their testimony, and all the available evidence to the special district judge, sitting in the absence of Judge Minor, and such special judge found, as a fact, that Judge Minor had not pronounced judgment dismissing the suit, and we do not think this court has any authority, under the record before it, to substitute its findings for those of the regularly constituted trier of the facts, in a proceeding brought by appellant to have the facts determined. While it is not controlling, it is important that such action of this court would thereby nullify the judgment of the court rendered on the verdict of the jury, following a trial of the case on its merits. And we here again point out the fact that as to the justice or integrity of the verdict and judgment of the trial on the merits, appellant does not complain. Tex.Jur. vol. 3, p. 1088, et seq.

The case of Love v. State Bank & Trust Co. (Tex.Com.App.) 90 S.W.(2d) 819, cited by appellant in support of his contention, is not decisive of the question involved in this case. The judgment there involved had unquestionably been pronounced, written, signed, and duly entered in the minutes of the court. Months and years had elapsed, and then upon a mere motion, one of the parties undertook to have a different judgment entered than that which had in fact been entered, and recorded in the minutes of the court. That question or issue, as there presented, could only be reached through a proper proceeding in the nature of a bill of review.

We have no such question here. The only issue here is whether or not the case was in fact dismissed from the docket. If it was not dismissed, then it was still on the docket, as the trial court found, and subject to be tried, as it was regularly tried. There is no question of correcting, amending, or substituting any judgment in this cause. It is not even contended that any character of judgment was in fact entered. On the contrary, it is plain that no judgment was entered. Appellant filed a motion asking the court to enter a purported judgment nunc pro tunc, which he claims was authorized at a prior term, by reason of some announcement supposed to have been made by the court to dismiss, or some threat to dismiss, the pending lawsuit.

It is true, of course, that "the judgment of a court is what the court pronounces." It is equally true that whether or not the court pronounced or declared any particular judgment or decision at any given time, or term of the court, is a question of fact to be determined as any other fact question; and "the question may become one of fact to be decided by the testimony of others, in which case the court may submit the issue of fact to a jury." Tex.Jur. vol. 25, p. 441, and cases cited. The best evidence of such pronouncement is the formal decree necessary to give effect to it. Not only was no such decree entered, but the judge declined to order or approve any decree giving effect to the purported pronouncement, from which it may be implied that no such pronouncement was in fact made.

The record and briefs in this case clearly show that this case was carefully and fairly tried, and the proper judgment entered in the court below. The contentions raised and the propositions asserted on this appeal by appellant relate to questions of procedure only; that is, he does not even suggest that this case was not fairly tried or that he was deprived of any right or privilege under the laws of the land. His sole contention is—in the last analysis—that this cause of action against him (and which was fairly prosecuted to judgment at a trial and before a court and jury, against none of which he even complains) was, in the absence of all the parties or their attorneys, and even without his request, and for no good reason on earth, according to the facts in this record, dismissed by the trial court for want of prosecution. And we deem it proper to here again call attention to the fact that no lack of diligence was alleged or shown on the part of appellee or his counsel. On the contrary, the record affirmatively shows that appellee's attorneys had secured several settings of the case and were diligently seeking to bring it to trial.

Furthermore, a review of all the testimony set forth in the record reveals that the appellee was falsely accused by appellant of stealing a cow to which he never at any time made any character of claim; that he was taken from his home in Bexar county by appellant and others—including an armed deputy sheriff—brought to San Antonio, threatened with charges of theft and "a trip to the penitentiary"; told if he could raise and pay appellant $50 for the alleged stolen cow he would not be prosecuted. He was a man unlearned and inexperienced in matters of his legal rights. He was not advised by counsel while in

the hands of the deputy sheriff and appellant, and to avoid being placed in jail, and to be enabled to return to his wife, who was at the time ill and in a state of pregnancy at their farm home, he called his old friend, George W. Saunders, by telephone, and Saunders paid appellant the $50 demanded, and appellee was then released. No charge of theft or wrongdoing was ever filed against appellee by appellant concerning the matter. The testimony of numerous witnesses, both for appellee and appellant, shows conclusively that appellee never at any time claimed the cow which appellant accused him of stealing; that several times on occasion of his arrest and before several different people and groups, appellant charged him with stealing the cow and stated he would send appellee "over the road" for two years and collect $200 reward instead of $50 for the cow. Furthermore, this record does not definitely show that the cow even belonged to appellant. It is clear that it was a stray cow, grazing around the premises occupied by appellee, and, when the sons of appellant came to inspect the animal, they were advised by appellee where it was located, and that appellee never at any time made any claim to it.

This cause was tried in the lower court in two divisions or separate respects. In the first instance, on the pleadings and testimony directed to the fact question, as to whether or not the cause had theretofore been dismissed from the docket of the court, the trial in this respect was held on appellant's motion to enter the claimed judgment, nunc pro tunc. The court, without the aid of a jury heard and determined the issue raised by such motion, and the evidence offered thereon, and found the facts against appellant's contention.

In the second place, after disposition of the case on the motion to enter judgment, as above indicated, the cause went to trial on the merits, before a jury, which was demanded by appellant. The jury then decided the questions of fact against appellant at the trial on the merits, and the court thereon entered the judgment here complained of. Appellant does not here assert that any error was committed in the trial of the case on the merits, but directs all of his complaints and assignments in this appeal against the alleged errors of the trial court in overruling his motion to have judgment entered, as above indicated, at the hearing on such motion, and then later putting him to the trial of the case on the merits.

The record shows conclusively that appellee had been greatly wronged and damaged by appellant, and without any reason or justification being shown for such conduct on the part of appellant. The case was fairly tried and disposed of on the merits; and, once again, no complaint is made of such trial or its result by appellant. For this court to now set aside such verdict and judgment, and dismiss the cause from the docket, when it appears that it will be barred by the statute of limitation, is a serious matter. In our opinion such conclusion is not supported by the rules applicable to the questions here raised, when correctly applied to the facts of this case, nor by the best authority on the subject. Certainly it is plain that to permit the dismissal of this cause, under the facts, would plainly result in a great injustice which was righted in the trial court, at least to some extent. This court, in view of the record presented, should not disturb the judgment entered in the court below.

All of appellant's contentions and assignments as set forth on this appeal have been duly considered. None of them, in our opinion, are sufficient to warrant a reversal of this cause, and the judgment of the trial court is affirmed.

SMITH, Chief Justice.

I concur in the result arrived at by Justice BOBBITT, and in his conclusion that the judgment should be affirmed.

MURRAY, Justice (dissenting).

I cannot concur in the above opinion, as I believe it to be in direct conflict with the very recent opinion of the Supreme Court, speaking through Judge German of Section A of the Commission of Appeals, styled Love v. State Bank & Trust Company of San Antonio, 90 S.W.(2d) 819.

The only possible distinction between these two cases is that in the Love Case a judgment of dismissal was entered upon the permanent minutes of the court, while in the case at bar the judgment of dismissal was not entered in the permanent minutes. It was entered only on the judge's trial docket and in the rough or temporary minutes kept by the clerk.

The law is well settled that, if a judgment is rendered by the judge in open court, the entry of same upon the minutes is nothing more than a ministerial duty of the clerk which will not affect the validity

of such judgment as between parties who have actual knowledge of the rendering of the judgment. In 25 Tex.Jur. p. 428, § 61, we find the following clear statement on the subject, to wit: ·

"Effect of Failure to Enter.—Failure to enter a judgment in the minutes, or failure to enter it correctly, does not annul the judgment but merely constitutes an imperfection in the record. Nor is the finality of the judgment thereby affected. Despite such failure the judgment is binding as between the parties, and they are entitled to have entry made according to the facts as they transpired. Nor is it material, on the question whether a judgment has·been rendered, that the court failed to enter any memorandum on his docket as to what its judgment was; such entries are intended merely for the guidance of the clerk in the final preparation of his minutes.

" 'It is sufficient to constitute a final judgment that the court pronounces his conclusions as a judgment from the bench, so that all of the parties in interest may know and understand what his judgment is.' "

It is my opinion that the evidence shows conclusively that judgment was rendered on March 18, 1935, dismissing this cause, that such judgment was not set aside at the term of court at which it was rendered and that it, therefore, became a final judgment. There is no evidence in the record to the contrary.

It is true that the trial judge, at a hearing on a motion to.enter judgment of dismissal nunc pro tunc, denied such motion and made an alleged finding of fact that the cause had not been dismissed at the March term. Under the evidence in this case, this alleged finding of fact was nothing more than an incorrect conclusion of law. The trial judge seemed to be of the opinion that the cause was ·not dismissed because the judgment had not been entered in the minutes. It is clear that the judge was of the opinion that a judgment of dismissal had been rendered by Judge Minor. During the hearing the special trial judge asked this question:

"The Court: The day he announced the dismissal?" (Inquiring about the day the judgment of dismissal was presented to Judge Minor.)

This incorrect conclusion of law made with reference to the interlocutory order denying the motion for entry of judgment nunc pro tunc from which appellant could not have appealed does not in any way affect this appeal from a judgment on the merits.

If the evidence conclusively shows that the court had no jurisdiction to try this cause because it had been dismissed at a prior term, the judgment should be reversed and the entire cause here dismissed.

Documentary evidence was introduced showing that.Judge Minor made the entry on his trial docket to the effect that March 18, 1935, this cause was dismissed for want of prosecution. The clerk made a similar entry in his temporary minutes. The attorney for appellee, after having a conversation with Judge Minor, filed a written motion setting forth the fact that the cause had been dismissed.

Four witnesses testified with reference to this matter. Mr. Sam Garoni, deputy district clerk on duty in the Fifty-Seventh district court, testified that Judge Minor in open court announced that this cause was dismissed for want of prosecution, and this testimony is not contradicted by any witness who testified. Harper McFarland, Esquire, who was present at .the call of the docket on March 18, 1935, testified, but was not asked any question as to whether or not Judge Minor had pronounced a judgment of dismissal in open.court. Clint Brown, Esquire, testified that he did not hear Judge Minor say that he was going to dismiss the cause. This in no way contradicts the testimony of Garoni. Attorney for appellant insisted that Mr. Brown be asked to state what Judge Minor did say, but counsel for appellee declined to ask this question.

H. C. Covington, Esquire, attorney for appellee, was the fourth witness to testify. He was not present at the call of the docket on March 18, 1936, and did not attempt to testify as to what Judge Minor had announced from the bench at the time this cause was reached on the call of the docket. He did admit that after talking with Judge Minor he prepared a motion for reinstatement of the cause in which he alleged that the cause had been dismissed. He presented this motion to Judge Minor, who placed his fiat thereon setting the motion for a hearing. Covington requested the clerk to issue notices to the attorneys for appellant, which was done. He contacted appellant's attorneys, who were threatening to withdraw from the case, and secured a promise from them that they would co-operate with him until the cause was back on the docket.

I here quote some of Covington's testimony:

"So, I saw Mr. Bartlett (one of the attorneys for appellant) and he said, 'Well, I will cooperate with you in getting it back on the docket.' Naturally, I didn't think any more about it. I knew it had been dismissed, and if it had been dismissed, I knew the Judge had changed his mind, because he said he had, he said it was going to be reinstated. That is all I know about it."

The above facts clearly bring this case within the rule announced in Love v. State Bank & Trust Co., supra. The two judgments of dismissal have the unusual similarity that they were rendered by the same judge in the same court.

The majority opinion in discussing the question as to whether or not this cause was actually dismissed at the March, 1935, term points out that:

(1) Counsel for appellee was diligent in his efforts to bring this cause to trial.

(2) His absence on the call of the docket, on December 18, 1935, was clearly and satisfactorily explained.

(3) Appellant and his attorneys were not present at the call of the docket.

(4) Judge Minor was not requested to dismiss the cause.

(5) Judge Minor called his docket on the particular date at an earlier time than was customary in his court.

(6) It was not the intention of Judge Minor to dismiss the cause.

(7) Judge Minor did not sign, but told the clerk to hold the order of dismissal.

(8) Judge Minor was at the time a sick man.

These facts, in my opinion, in no way contradict the docket entries, the other documentary evidence and the undisputed evidence of Sam Garoni showing conclusively that Judge Minor did render a judgment of dismissal in this cause, which was permitted to become final. In fact, the matters above set out in many respects corroborate the fact that Judge Minor did in fact render judgment.

If there had been no judgment rendered dismissing this cause, why did Judge Minor make such an entry on his trial docket? Why did the clerk make such an entry on his rough minutes? Why did counsel for appellee file a motion to reinstate, setting up the fact that the cause had been dismissed? Why did Judge Minor set this motion down for a hearing? Why did the clerk issue notice to appellant's attorneys citing them to appear and show cause why the cause should not be reinstated on the docket? Why did counsel for appellee seek the co-operation of counsel for appellant in getting the cause back on the docket? Why did Clint Brown, Esquire, undertake to intercede for counsel for appellee unless he understood that the cause had been dismissed from the docket? It is perfectly plain that at the time and before the present question had arisen, Judge Minor, the clerk, counsel for both appellee and appellant, all understood that judgment of dismissal had been rendered and that reinstatement was necessary.

This cause having been dismissed at the March term, 1935, and that judgment becoming final by adjournment of court, the court was without jurisdiction at a subsequent term to hear and determine this cause on its merits, except upon a bill of review, and it is here admitted that no such bill has been filed.

It is my opinion that the only proper judgment that this court could render is one of dismissal of the cause. I, therefore, respectfully hereby enter my dissent.

## On Motion for Rehearing.

BOBBITT, Justice.

We have given careful consideration to appellant's motion for rehearing in this cause, and find no reason to change the conclusion reached by the majority in our original opinion. The attorney for appellant, who filed the motion for rehearing, frankly states: "Appellant's present attorney took no part in the trial of this case." The record shows that appellant's present attorney is the fourth attorney, or firm of attorneys, who have handled this case in its varied experiences and phases. It is obvious that appellant's present attorney is not fully acquainted with the facts and proceedings shown by the record before us. He had no part in the proceedings prior to the appeal, and of course did not have any experience with or responsibility for the different questions or problems as they developed in the lower court. For instance, appellant's present counsel states in the motion before us: "The testimony introduced at the trial on the merits, therefore, was 'only the evidence of appellee.' This one-sided testimony has apparently won the sympathy of the majority in the Court of Civil Appeals, to such extent that the majority opinion herein has affirmed said find-

ing by the Special Judge in the teeth of the record as herein set forth."

The plain facts of the record before us show that the trial of the cause on the merits was in progress several days and numerous witnesses testified for both appellant and appellee, including the appellant, his two sons, and the chief deputy sheriff of Bexar county, all on behalf of appellant. There is no suggestion or complaint in the record that appellant had any other or additional testimony or evidence to offer or that any further time was needed or desired by appellant for any purpose at the trial on the merits. The case was fully developed. The issues of fact were properly and fairly submitted to the jury, and its verdict is clear and specific. There is no suggestion of any irregularity or lack of fairness on the part of the trial court or jury, as shown by the record. No complaint in any such respect is made by appellant. He demanded a jury trial; got it, and makes no complaint of its fairness or regularity. The statements of appellant's present attorney, therefore, in respect to the trial on the merits are not supported by the record, and doubtless were made without knowledge of the facts.

Likewise, the suggestion made by appellant in the motion for rehearing, that the trial judge was partial; that he "took sides" in the controversy is not justified by any fact or suggestion in the record before us, and the able counsel who tried the case in the court below and exhaustively briefed the questions on this appeal, neither made nor suggested the existence of unfairness or partiality on the part of the trial judge in any step or phase of the trial.

Appellant now contends, in effect, that the issue raised by him in his own motion asking the trial court to enter the purported pronouncement of dismissal of the cause by Judge Minor, in the form of a judgment nunc pro tunc, is not an issue of fact; that the finding of fact by the trial court, and shown by the record to have been based upon the evidence offered on the hearing of numerous witnesses, who gave extensive and conflicting testimony relating to the facts and circumstances, was not a "finding of fact" but an "erroneous conclusion of law." Appellant then proceeds to discuss at length the conflicting testimony and evidence relating to what, in fact, transpired in Judge Minor's court, when appellant's motion was called for trial. All of these matters were duly and fully heard by the trial court, at the proper time and place, and upon the motion filed by appellant when the facts were completely developed and decided against the contention then and there made by appellant, when he presented numerous witnesses to support his contention, and when appellee also presented numerous witnesses and evidence to the contrary. We find that the record reveals evidence to sustain the finding of fact made by the trial judge that the case was not dismissed by Judge Minor, and we respect that finding.

The conclusion reached and announced in this cause in our original opinion, and based upon the record before us, is not in conflict with the holding of the Commission of Appeals in the case of Love v. State Bank & Trust Co., 90 S.W.(2d) 819, 821. The facts are different. The record in that case shows that the trial judge had pronounced his judgment. The judgment was written out, duly signed by the judge, duly entered in the minutes of the court, and the term of the court duly closed. The judicial act was completed, and the undisputed written record of the court plainly showed each and every step had been taken to remove any doubt as to what had, in fact, transpired. The complaining party failed or refused to avail himself of his rights and duty through a proper bill of review, in accordance with law, to reopen the case and secure the appropriate relief, if the facts and law so justified.

In this case we are met, at the threshold, with a dispute over the fact as to whether the trial judge pronounced any judgment at all. The record affirmatively shows that no judgment, giving effect to such alleged pronouncement, was signed by the judge; no such judgment was, of course, entered. The minutes of the court show no official act concerning or disposition of the case. It is true that the unofficial notes and memoranda of the trial judge and the clerk, the application for reinstatement, notice, etc., filed and issued concerning the matter are all evidence, but only evidence of what the trial judge intended to do, and in fact did, or did not do, about the dismissal of a case that he was not asked to dismiss, but which he had been asked to try; and which no one concerned can give any good reason for his having dismissed. Then, when appellant comes into the same court, but before another trial judge, and asks that such other judge enter a judgment showing that the cause of action had been, without request

and without reason, dismissed, such other judge properly required appellant to make proof of his alleged fact of dismissal. Appellant assumed the burden of proving the allegations of his motion for judgment. It was proper, if the court or either party desired, to have a jury pass on the issues raised by the appellant's motion. The jury was waived, and numerous witnesses testified, pro and con; documentary evidence was introduced, and the "trier of the facts" found the facts against appellant; that Judge Minor did not dismiss the suit. Appellant then demanded a jury to try the case on the merits. Several days were consumed in that trial, and the jury found the facts against appellant. He appealed to this court from the adverse judgment of the trial court on his motion for judgment nunc pro tunc, but makes no complaint and alleges no error of any kind against the fairness and legality of the trial on the merits.

It is perfectly apparent, from the record before us, that justice has been done and is clearly reflected in the judgment entered between the parties in the court below. It is also apparent that the contentions and efforts of appellant to strike down the judgment which was reached after a fair and impartial trial on the true facts and conduct of the parties, are, at best, dependent upon a construction of the law and rules of procedure which must, under the statement of the record, result in a miscarriage of justice which is indefensible, under any theory applicable to the facts of the case. This court, and all other courts, are properly concerned with the effects and results of their judgments and conclusions. Our Supreme Court, in adopting the opinion of Judge German in the Love Case, supra, holds:

"The fact that this cause had remained upon the docket of the court for nearly ten years, with no effort to bring it to trial, so far as disclosed by the record, precludes all implications of hardship because of the conclusion announced by the Court of Civil Appeals and here approved."

The record before us in the instant case shows that appellee has been diligent in seeking a trial of the cause, and that the case has been, in fact, fairly tried, and a just and unchallenged judgment, on the merits, duly entered. Appellant now asks that the judgment of the trial court be reversed and rendered, and the cause dismissed on his complaints against the action of the trial court on his motion for judg-

ment nunc pro tunc, and which will, according to the record, result in the case being barred by limitation.

For the reasons stated herein and in our original opinion, appellant's motion for rehearing is overruled.

MURRAY, J., dissents.