Alma Buchanan Alexander **MURPHY**,
Appellant,

v.

**METROPOLITAN LIFE INSURANCE COMPANY et al., Appellees.**

No. 844.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

July 25, 1973.

Rehearing Denied Sept. 5, 1973.

Robert E. Hall, Chris Dixie, Dixie, Wolf & Hall, Houston, for appellant.

Sam W. Davis, Jr., Vinson, Elkins, Searls, Connally & Smith, Houston, Robert B. Wallis, R. Mayo Davidson, Haynes & Fullenweider, Houston, for appellees.

TUNKS, Chief Justice.

Bobby Buchanan died intestate on October 27, 1970. He left surviving him his mother, Alma Buchanan Alexander Murphy, his wife, Lena Buchanan, and three sons. Those individual parties will sometimes be referred to by their first names.

At the time of his death Bobby was and had been for many years an employee of Shell Chemical Corporation. As such he had acquired certain employee benefits. One such benefit was called a provident fund and had a value of about $33,000.

His estate was the named beneficiary of the provident fund at the date of his death. Another benefit was under what was called a survivor's benefit plan. That benefit had a value of about $24,000. Under this plan the employer had certain rights, hereinafter discussed, with reference to designation of the beneficiary. Bobby also was the insured in a company group life insurance policy in the amount of $12,500. At the time of Bobby's death his mother was the designated beneficiary under the group life policy. Other items of property remaining at Bobby's death were a home valued at $10,000, automobiles valued at $500 and household furniture of which no value was established by the evidence.

After Bobby's death both the mother and the surviving wife filed claims for the benefits under the life insurance policy. The insurer, Metropolitan Life Insurance Company, because of the conflict, declined to pay either claimant. The mother then filed suit against the surviving wife and the insurer to recover the benefits. The insurer took the position of a stakeholder and tendered the money representing the benefits into court to be paid in accordance with the judicial determination as to the conflicting claims. The surviving wife answered and by cross-action asserted her claim to the benefits. After a non-jury trial the trial court adjudged that the mother and surviving wife each receive one half of the benefits. The mother appealed.

■ The life insurance policy in question was property. Brown v. Lee, 371 S. W.2d 694 (Tex.Sup.1963); Tex.Rev.Civ. Stat.Ann. art. 23, subd. 1 (1957). In response to pretrial interrogatories Lena characterized this policy as community property and no contrary contention is made by either party. Bobby, as the named insured, had the right to designate the beneficiary of the policy. Tex.Ins. Code Ann. art. 3.49–3 (1968), V.A.T.S. Also, since it was an incident to his employment, it was a part of the community which was subject to his "sole manage-

ment, control, and disposition." Tex.Family Code Ann. sec. 5.22 (1970), V.T.C.A. However, his statutory authority to designate the beneficiary and to dispose of this item of the community was subject to limitation. He could not exercise that authority if, and to the extent that, such exercise was in fraud of his wife or resulted in a constructive fraud against her interest in the community. Before enactment of the cited article of the Insurance Code, it had long and firmly been established in Texas that one spouse could not give away the benefits of an insurance policy acquired with community funds if such gift was in actual fraud or resulted in constructive fraud of the other. See Huie, Community Property Laws as Applied to Life Insurance, 18 Tex.L.Rev. 121 (1940) and Quilliam, Gratuitous Transfers of Community Property to Third Persons, 2 Tex.Tech.L. Rev. 23 (1970). There is nothing in the language of the cited article from the Insurance Code that indicates an intent to depart from that rule or that the giving away of such a community property will not, under any circumstances, be fraudulent. The article is consistent with section 5.22 of the Family Code. The language of Tex. Family Code Ann. sec. 5.24 clearly indicates that, within the scope of legislative intent, the disposition of community property by one spouse having control thereof may sometimes constitute a fraud upon the other spouse.

■ In this case the trial judge found as a fact "that the intent of Bobby Buchanan in changing the beneficiary of said policy was arbitrary, capricious and improvident and was done to deprive his wife of benefit and not as a part of any considered estate planning." He recited conclusions of law to the effect that the changing of the beneficiary both was actual fraud and resulted in constructive fraud upon the rights of Lena Buchanan. We must review the record to determine whether the trial judge's quoted fact finding is supported by the evidence and whether the legal conclusions drawn there-

from were proper. In such review we must consider all of the evidence in the light most favorable to the appellee and may not hold the trial court's finding erroneous if there is any probative evidence supporting it unless the finding is so against the preponderance as to be manifestly wrong. Cortez v. Cortez, 457 S.W. 2d 131 (Tex.Civ.App.—San Antonio 1970, no writ).

Bobby and Lena Buchanan were married in 1949. The insurance policy in question was issued in 1951. Lena originally was designated beneficiary. In the latter part of 1968 the couple separated for a period of about two months because of marital trouble. It was during this separation that Bobby changed the designation of beneficiary in the insurance policy from his wife to his mother. At the same time he changed the designation of beneficiary in his employee provident fund from his wife to his estate. Bobby did not tell Lena of these changes of beneficiary after the separation ended. The changes remained effective until his death. A fellow employee testified that in the year 1969 when Bobby was asked if he had a will he said, "I got that all taken care of where my boys will get everything I got." Those facts would constitute some circumstantial evidence that Bobby was motivated by ill feeling toward his wife in changing the beneficiary of the insurance policy.

Mrs. Murphy, Bobby's mother, was a widow. She was 64 years old at the date of Bobby's death. She owned a home in another city. Her only income was from a $98 monthly social security check and an oil payment varying from $5 to $60 monthly. Bobby was her only child. Bobby's father had been dead about seven years. Those facts would constitute some circumstantial evidence that Bobby was motivated by his moral obligation to his mother in changing the designation of beneficiary to her.

The total value of the community, including the benefits from the insurance policy, was about $80,000. The evidence shows that after Bobby's death his wife received over $45,000 from the community without regard to the insurance benefits. She received one half of the provident fund ($16,500), one half interest in the home ($5,000), one half interest in the cars ($250), and *all* of the survivor's benefit ($24,000). The fact that she would get more than half of the community without receiving any of the proceeds of the insurance policy is due to the fact that she received all, instead of half, of the survivor's benefit.

The record is not at all clear as to the legal nature of the survivor's benefit program maintained by Bobby's employer. It was obviously an incident to his employment contract and, if property at all, it was community property. We assume that this payment was pursuant to some employer-employee plan that was set out in a written instrument the terms of which would show whether it created any proprietary interest in the community estate. There is no such written instrument in evidence. The only explanation of the nature of such benefit is the oral testimony of a representative of the employer. He testifies that it is a program under which the company pays to survivors of active employees who die before reaching age 55 a sum representing twice the employee's annual salary. Under the plan the company, and not the employee, selects the survivor or survivors who are to be beneficiaries. He testified that an order of priority exists with reference to the company's election of the beneficiary as follows: 1st the surviving spouse, 2nd surviving children, 3rd surviving parents and 4th the decedent's estate. The weight to be given the priorities of that list by the company is not shown by evidence. The witness, in fact, called the payment a "gratuity" by the company. That conclusion by the witness is of doubtful validity. Neither the shareholders of the company nor the Internal Revenue Service would look upon the program with favor if a payment under it were a gratuity. However, Lena, in response to pretrial

interrogatories, said that she did not claim that the payment under this plan was not a part of the community estate.

The law review articles by Huie and Quilliam, cited above, discuss the history of the judicial treatment by Texas Courts of a husband's gift of part of the community estate to an outsider. Another such discussion appears in Johanson, Revocable Trusts and Community Property: The Substantive Problems, 47 Tex.L.Rev. 537 (1969). The opinion in Givens v. Girard Life Insurance Company of America, 480 S.W.2d 421 (Tex.Civ.App.—Dallas 1972, writ ref'd n. r. e.) includes another discussion of the subject. From those authorities and the cases cited therein it may be said that a husband may properly make a gift of a part of the community controlled by him, but that the propriety of such a gift requires the absence of fraud. As to what constitutes such fraud as will invalidate the gift the authorities speak of actual fraud and constructive fraud. A trust relationship exists between the husband and wife as to that portion of the community controlled by the husband. Brownson v. New, 259 S.W.2d 277 (Tex. Civ.App.—San Antonio 1953, writ dism'd). For that reason any unfair gift of community property by a husband to one outside of the community would be a constructive fraud. In an attack on such gift the wife does not have the burden of proving that it was motivated by the husband's actual fraudulent intent. At the wife's suit such a gift will be set aside, as to the wife's community share of the property given, if it is unfair to the wife. The burden of proving fairness is on the husband or his donee. See Archer v. Griffith, 390 S.W.2d 735 (Tex.Sup.1964); Givens v. Girard Life Insurance Company of America, supra; Daves v. Lawyers Surety Corporation, 459 S.W.2d 655 (Tex.Civ.App.— Amarillo 1970, writ ref'd n. r. e.); Davis v. Prudential Insurance Company of America, 331 F.2d 346 (5th Cir. 1964).

In this case the husband's gift was to his mother. She was a natural object of his bounty. She was indigent. He had at least a moral obligation to contribute to her support. By some arrangement not fully explained in the record the surviving wife still got more than half of the community, even if the gift was held valid. Those facts argue for the validity of the gift. They would have supported a fact finding by the trial judge to the effect that the gift was fair.

The gift here was a rather large one in relation to the size of the community estate—almost one-sixth. The total amount of the community estate left for the surviving wife, while substantial, did not provide her with a high degree of financial security. She had only a small earning capacity. She had no separate property. She had three sons to raise and educate. Under the rules of review set forth above by which this Court is bound, those facts placed it within the fact finding discretion of the trial judge to find that the husband's gift of the wife's share of the community interest in the insurance policy was unfair to the wife. That finding sustained the trial court's judgment setting aside the gift as to the wife's interest.

The appellant has stated a point of error to the effect that the trial court erred in failing to make certain requested additional findings of fact. In the statement under that point appellant says, "The requested Findings encompass the undisputed facts above recited. . . ." The trial court is not required to make findings as to undisputed facts. Smith v. Brown Express, 343 S.W.2d 550 (Tex.Civ.App.— San Antonio 1961, writ ref'd n. r. e.). The point is overruled.

The judgment of the trial court is affirmed.