**Amma Elnora STREET, Appellant,**

**v.**

**Anne Street SKIPPER, Individually and as Independent Co–Administratrix of the Estate of William G. Street, Deceased, and William Glenn Street, Jr., Appellees.**

**No. 2–93–259–CV.**

Court of Appeals of Texas,
Fort Worth.

Aug. 24, 1994.

Rehearing Overruled Dec. 14, 1994.

Montgomery & Peavy, L.L.P., and Elton M. Montgomery, Graham, for appellant.

Turner, Allen & Sweatt and Jess N. Turner, III, Graham, for appellee.

Before FARRIS, HICKS and FARRAR, JJ.

## OPINION

FARRIS, Justice.

Anne Street Skipper and William Glenn Street, Jr., appellees, sued Amma Elnora Street, appellant, seeking a declaratory judgment on the numerous claims appellant made against her deceased husband's estate, alleging the claims were invalid. The appellees, William G. Street's children from his first marriage, also sought to remove appellant as co-administratrix of the Estate of William G. Street, deceased. The trial court entered judgment for appellees, declaring Street's claims invalid, removing her as co-administratrix of the estate, and awarding attorney's fees to the appellees. Appellant raises ten points of error in her appeal. The first five points and points nine and ten concern insurance policies owned by the community property estate during the marriage, but made payable to the Estate of William G. Street upon his death. These are as follows: (1) the court erred in failing to grant 100% of the proceeds of a life insurance policy payable to

the deceased's estate to appellant because the gift became effective at the time of the wife's prior designation and the subsequent redesignation was therefore invalid; (2) it was error for the court to fail to issue one-half of the policies' proceeds to appellant because her husband was not empowered to make a gift of his wife's community property to himself (or his estate) without his wife's consent; (3) the court erred in not finding the designation by William Street of his estate as his beneficiary under the insurance policies defrauded appellant's community property rights because it claimed and retained 100% of the policies' proceeds and no gift had been made of her community property interest; (4) the court erred in not treating the policies' proceeds as community probate assets and thus causing one-half to be paid over to the surviving wife; and alternatively, (5) the court erred in not holding that appellant was at least entitled to recovery of one-half of the community sums expended on the premiums for the life insurance policies; (9) the court erred in entering judgment on the verdict respecting ownership of and/or entitlement to values from the policies because the verdict cannot support the judgment; and (10) the court erred in submitting Question No. 1 of the charge to the jury because it was not a controlling issue, the answer would not support the verdict, and there was no evidence to support the finding in favor of appellees.

In the three remaining points of error, appellant alleges the court erred in: (6) not holding that the husband's attempt to convert property interests of his wife into his separate property was unfair and unauthorized as a matter of law under the Federal Employee Retirement Income Security Act (ERISA); (7) entering judgment on the verdict to remove appellant as co-administratrix because the verdict does not support the judgment; and (8) entering judgment on the verdict respecting the recovery of attorney's fees for appellees and in failing to enter judgment on the verdict for the recovery of attorney's fees for appellant.

Finding no error by the trial court, we affirm.

Appellant's first point of error concerns one particular life insurance policy on which she had originally been named beneficiary. Before his death, however, William Street redesignated the beneficiary as his estate. Appellant claims she should have received 100% of the proceeds because at the time of the original designation, the gift of those proceeds to her became effective. We find appellant did not preserve error on this point because she did not raise the theory of gift in her pleadings or by the evidence and therefore it was not before the trial court. "Texas pleading practice requires that a plaintiff set forth his cause of action in plain and concise language.... [T]he trial court may not enter judgment against a defendant upon a theory of recovery not sufficiently set forth in the plaintiff's petition, or otherwise tried by implied consent." *Miller v. Towne Serv., Inc.,* 665 S.W.2d 143, 147 (Tex.App.—Houston [1st Dist.] 1983, no writ); *see also Texaco, Inc. v. Wolfe,* 601 S.W.2d 737, 741 (Tex. Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). Point of error one is overruled.

■ In her second point of error, appellant alleges she should have received at least one-half of the proceeds of each of four insurance policies because community funds paid for the policies and therefore, her husband did not have the power to dispose of her property upon his death. Her third point of error claims her deceased husband's designation of his estate as beneficiary was in fraud of her community property rights. Her fourth point claims the court erred in not treating the policies' proceeds as any other community property asset and thereby ordering that one-half of the proceeds be paid over to her. Each policy in question was held solely in the name of William G. Street. Article 3.49–3 of the Insurance Code states:

A spouse shall have management, control and disposition of any contract of life insurance or annuity heretofore or hereafter issued in his or her name or to the extent provided by the contract or any assignment thereof without the joinder or consent of the other spouse.

Tex.Ins.Code Ann. art. 3.49–3 (Vernon 1981). Under this statute, it was well within William Street's rights to name his estate as the

beneficiary of these policies. The question is whether in doing so he disposed of only his half of the community property proceeds, or all the proceeds.

■ Texas case law has struggled with this question at length. Numerous cases exist in which courts have determined a person did not have the authority to dispose of an ex-spouse's half of the community proceeds of a community-owned life insurance policy just by changing the named beneficiary. *See Amason v. Franklin Life Ins. Co.,* 428 F.2d 1144, 1147 (5th Cir.1970); *Prudential Ins. Co. v. Burke,* 614 S.W.2d 847, 849 (Tex.Civ.App.—Texarkana), *writ ref'd n.r.e.,* 621 S.W.2d 596 (Tex.1981). But where a spouse is deceased, the courts have adopted a different view. While recognizing that the proceeds of a community-owned life insurance policy are community in character, it is not always necessary that any part of those proceeds be turned over to the surviving spouse. *See Salvato v. Volunteer State Life Ins. Co.,* 424 S.W.2d 1, 4 (Tex.Civ.App.—Houston 1968, no writ). The designated beneficiary can be a third party or the deceased person's estate, and the designation will be valid. *Id.; Murphy v. Metropolitan Life Ins. Co.,* 498 S.W.2d 278, 280 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd n.r.e.). The determining factor is whether the designation was made in the absence of fraud, either actual or constructive. *Murphy,* 498 S.W.2d at 282. The designation alone, however, will not constitute fraud. *Ashmore v. Carter,* 716 S.W.2d 171, 174 (Tex.App.—Beaumont 1986, no writ).

■ In the case before us, there was no showing of actual fraud, and thus we must determine whether the gift of the proceeds resulted in constructive fraud. The pivotal question is whether the gift of the surviving spouse's share of the community proceeds was unfair to that spouse. *Tabassi v. NBC Bank—San Antonio,* 737 S.W.2d 612, 616 (Tex.App.—Austin 1987, writ ref'd n.r.e.). The gift will only be set aside if it is unfair. *Id.* at 617; *Murphy,* 498 S.W.2d at 282. Factors the courts have considered in determining fairness include the size of the gift in relation to the total size of the community

estate, the adequacy of the estate remaining to support the surviving spouse in spite of the gift, and the relationship of the donor to the donee. *Horlock v. Horlock,* 533 S.W.2d 52, 55 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ dism'd).

Here, the proceeds of the four insurance policies left to William Street's estate amounted to $1,264,444, of which appellant is claiming one-half, or $632,222. Evidence presented at trial revealed that the total community property estate, including the life insurance proceeds, was valued at approximately $4,591,146. Under her husband's will, appellant retained from the community estate approximately $2,322,762 in assets and William Street's estate received approximately $2,268,384 in assets. These numbers reveal that Street kept slightly more than half of the community property to which she was entitled. Slightly less than what would have been William Street's share of the community property, he left to his estate as he is entitled to do and as would have occurred had he died intestate. *See* Tex.Prob.Code Ann. § 45 (Vernon 1980).[1] Additionally, appellant received $213,444 from her husband's separate property, plus homestead rights in the home they shared which was his separate property. Therefore, although William Street gave his wife's share of the community property proceeds of the life insurance policies to his estate, he also bequeathed to her certain portions of his share of the community estate that aptly made up the difference. Appellant still received more than half of the community estate despite the gift to William Street's estate, and we cannot find that such disposition was unfair to her. The gift of the community funds to his estate was not capricious, excessive, or arbitrary as is evident by the resulting split of the community property. *See Mazique v. Mazique,* 742 S.W.2d 805, 808 (Tex.App.—Houston [1st Dist.] 1987, no writ). Points two, three, and four are overruled.

■ We now address appellant's tenth and ninth points of error. In the tenth point, she claims the trial court erred in submitting Question No. 1 of the charge to the jury

---

1. This provision can now be found in Tex.Prob. Code Ann. § 45(b) (Vernon Supp.1994).

because it was not a controlling issue and the answer would not support the verdict, and also because there was no evidence to support a finding deemed favorable to the appellees. In the ninth point, appellant claims the court erred in entering judgment on this verdict because the verdict cannot support the judgment. Based on what we just discussed under points two, three, and four, we must also overrule these points.

Question No. 1 asked the jury whether William Street's designation of the policies' proceeds, including his wife's one-half community interest, was unfair to the community property rights of appellant. As discussed above, this is exactly the controlling issue. *Tabassi*, 737 S.W.2d at 616. Further, the evidence discussed above also establishes the fairness of William Street's disposition, and when determining a "no evidence" point of error, we will only consider the evidence and the inferences that tend to support the finding of the jury and disregard all evidence and inferences to the contrary. *See Sherman v. First Nat'l Bank*, 760 S.W.2d 240, 242 (Tex. 1988). It is clear from the record the jury's verdict was based on sufficient evidence, and the verdict, therefore, supports the judgment.

In her fifth point of error, appellant claims that alternatively, she should be compensated for one-half of the sums expended by the community estate for the premiums of the four insurance policies. The right of reimbursement is equitable in nature. *Horlock*, 533 S.W.2d at 57. Granting such reimbursement is within the sound discretion of the court. *Vallone v. Vallone*, 644 S.W.2d 455, 459 (Tex.1982). Because it is evident here that under her husband's will, appellant still retained more than half of the value of the community estate, we cannot find the court abused its discretion in not granting reimbursement for the insurance premiums. Point number five is overruled.

Appellant complains in her sixth point of error that William Street's attempt to dispose of her half of the community property proceeds of the insurance policies is unauthorized as a matter of law because of the application of the Federal Employee Retirement Income Security Act (ERISA). The policies in question here were not part of any employee benefit plan at the time they matured, and therefore, ERISA is not applicable to them. ERISA sets minimum uniform standards for employee benefit plans and provides for uniform remedies in the enforcement of the plans; it does not affect non-pension plan assets. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90–91, 103 S.Ct. 2890, 2896, 77 L.Ed.2d 490 (1983). Point six is overruled.

In point of error seven, appellant contends the trial court erred in entering judgment on the verdict to remove her as co-administratrix of her deceased husband's estate. She claims her conduct has not adversely impacted her performance and that there was no evidence to support a finding of harm or injury from a conflict of interest.

The removal of an independent executor is governed by section 149C of the Probate Code, which provides six reasons for removal. In their complaint for removal, the appellees relied on subsections (5) and (6) of section 149C alleging appellant had become legally incapacitated from properly performing her fiduciary duties and had engaged in conduct constituting gross misconduct or gross mismanagement in the performance of her duties. Tex.Prob.Code Ann. § 149C(a)(5), (6) (Vernon Supp.1994).

In *Geeslin v. McElhenney*, 788 S.W.2d 683, 684 (Tex.App.—Austin 1990, no writ), the Third District Court of Appeals described an executor's duties as those of a trustee. "He holds property interests, not his own, for the benefit of others. He manages those interests under an equitable obligation to act for the others' benefit and not his own. He is a 'fiduciary' of whom the law requires an unusually high standard of ethical or moral conduct in reference to the beneficiaries and their interests." *Id.* That court also set out what it believed to comprise at minimum "gross mismanagement" or "gross misconduct": "(1) any *willful* omission to perform a legal duty; (2) any *intentional* commission of a wrongful act; and (3) any breach of a *fiduciary* duty that results in actual harm to a beneficiary's interest." *Id.* at 685 (emphasis in original).

If, for the moment, we ignore appellant's claim against the estate, we are still left with evidence that she refused to sign the estate tax return and retained the estate's portion of a $42,443 income tax refund for her own benefit. We believe the first constituted a willful omission to perform a legal duty, and the second was not only an intentional commission of a wrongful act, but also was a breach of her fiduciary duty to the estate and its beneficiaries. We now turn our attention back to her claim against the estate. If the estate were divided the way appellant claims it should be, referring to all property and not just the insurance proceeds discussed above, appellant would receive property valued at approximately $3,304,398, while the estate would receive property approximately valued at only $1,286,748, nearly one million dollars less than what it would receive under the will and direction of William Street.

In *Hitt v. Dumitrov*, 598 S.W.2d 355, 356 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ), that court stated (quoting a trial court): "Each estate should have a representative that will assume the role of an advocate to achieve the best possible advantage for the estate." Although that case dealt with the removal of an administrator under section 202 of the Probate Code, we feel it is just as applicable here. How can appellant adequately represent the estate in order to retain that near million dollars that she, personally, is also seeking under a claim of community property? We hold that she cannot. *See Formby v. Bradley*, 695 S.W.2d 782, 785 (Tex.App.—Tyler 1985, writ ref'd n.r.e.) (surviving wife's claim that portions of testator's estate were community property resulted in a direct conflict between her interests and those of the estate making her unsuitable to serve as executrix); *Haynes v. Clanton*, 257 S.W.2d 789, 791 (Tex.Civ. App.—El Paso 1953, writ dism'd by agr.) (an administrator who was asserting an adverse, incompatible and hostile interest in himself to the estate was incapable of discharging his fiduciary duties). As stated in *Haynes* and later adopted by this court in *Bays v. Jordon*, 622 S.W.2d 148, 149 (Tex.App.—Fort Worth 1981, no writ), "Clearly, one whose personal interests are so adverse to those of the estate or the beneficiaries thereof that

both cannot be fairly represented by the same person is not a proper person to administer the estate." There was sufficient evidence for the jury to render the verdict it did, and we find there was no error by the trial court in entering judgment on that verdict. Point of error seven is overruled.

Finally, in her eighth point of error, appellant claims the court erred in entering judgment on the verdict respecting the appellees' recovery of attorney's fees and in failing to enter judgment on the verdict for her recovery of attorney's fees. Because the declaratory judgment statute was properly invoked, either party could plead for and obtain attorney's fees. *Hartford Cas. Ins. v. Budget Rent–A–Car*, 796 S.W.2d 763, 771 (Tex.App.—Dallas 1990, writ denied). Under section 37.009 of the Civil Practice and Remedies Code, a trial court may award reasonable attorney's fees and costs in a declaratory judgment action "as are equitable and just." Tex.Civ.Prac. & Rem.Code Ann. § 37.009 (Vernon 1986). Whether to award the attorney's fees, however, and to which or both parties, is a decision that is solely within the trial court's discretion and will not be reversed absent a clear abuse of discretion. *Oake v. Collin County*, 692 S.W.2d 454, 455 (Tex.1985); *Fuqua v. Fuqua*, 750 S.W.2d 238, 246 (Tex.App.—Dallas 1988, writ denied) (trial court did not abuse discretion in refusing to award attorney's fees to son who prevailed on fewer than half of his declaratory judgment claims in suit arising out of the proper distribution of his mother's estate). Our review of the record reveals no abuse of discretion, and therefore, this point is overruled.

The judgment of the trial court is affirmed.