T.C. Memo. 1997-32


UNITED STATES TAX COURT


ESTATE OF WILLIAM G. STREET, DECEASED,
ANNE STREET SKIPPER, EXECUTRIX, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 376-95.                    Filed January 21, 1997.


        D, a married resident of Texas, bought certain
life insurance policies that were community property.
He designated his estate as beneficiary of these
policies, compensating his wife for her one-half
interest in the policies, and all the insurance was so
paid at his death.  <u>Held</u>, one-half the value of the
policies may not be excluded from D's gross estate for
Federal estate tax purposes.


<u>Emily A. Parker</u>, for petitioner.

<u>Henry C. Griego</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KÖRNER, Judge:  By notice of deficiency dated October 12, 1994, respondent determined a deficiency in the Federal estate tax of the Estate of William G. Street, deceased, Anne Street Skipper, Executrix, in the amount of $157,281.  In the petition that was filed herein, various of respondent's determinations were contested, and claim was made for a refund of certain estate tax payments as being overpayments.  As a result of extensive stipulations of fact and of settled issues entered into by the parties, all such disputes have been resolved except one, which remains for us to decide.  That remaining question is:  where decedent William G. Street purchased life insurance during his life which was community property, and thereafter, during his spouse's life, designated his estate as beneficiary of the insurance proceeds, was one-half of the proceeds of said insurance policies excludable from decedent's gross estate as community property that belonged to decedent's wife?

By stipulation of the parties, the case was submitted under Rule 122.  All statutory references are to the Internal Revenue Code in effect as of the date of decedent's death, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

William G. Street (decedent) was married and resided all his married life in Texas. Decedent died September 30, 1990; his will was probated, and his estate has been administered in the State courts of Texas. Decedent was survived by his wife, Amma Elnora Street. Decedent and Mrs. Street each had children by prior marriages. In admitting decedent's will to probate, the appropriate Texas court, the County Court of Young County, Texas, appointed both decedent's surviving spouse and decedent's daughter, Anne Street Skipper, as independent coadministratrices of decedent's estate.

During his lifetime and during the marriage, decedent purchased, as insured and sole owner, four policies of life insurance on his life, one with U.S. Life Insurance Co. in the face amount of $300,000, another with U.S. Life Insurance Co. in the face amount of $113,900, a policy with American General Life Insurance Co. in the face amount of $600,000, and a policy with Southwestern Life Insurance Co. in the face amount of $250,544. Pursuant to later designations by decedent, making his estate the beneficiary of said policies, the net proceeds of $1,347,882 (after adjusting for outstanding debt and additional insurance) were paid to decedent's estate.

On June 3, 1991, after probate and during the course of administration, Mrs. Street filed a claim, amended on July 12,

1993, against the estate in the Texas Probate Court in which she claimed inter alia that she was entitled to 100 percent of the insurance proceeds of the four policies mentioned above, both because she was a 50-percent owner of the policies under Texas community property law, and because she had been originally designated as sole beneficiary by decedent, but such designation had been changed by decedent's actual or constructive fraud.

On June 14, 1991, Mrs. Street then filed an election in the probate proceedings in Texas not to take under decedent's will, but rather to take her share of community property.

Shortly thereafter, on August 6, 1991, a declaratory judgment action was brought by Anne Street Skipper (coadministratrix) and her brother against Mrs. Street in the Texas District Court, controverting Mrs. Street's claim in the probate proceeding and asking for a holding as to decedent's children's rights versus Mrs. Street's rights with respect to decedent's estate. In addition to controverting other claims made by Mrs. Street against decedent's estate, the claim for declaratory judgment by Anne Street Skipper specifically contested Mrs. Street's claim to any portion of the life insurance proceeds, on the grounds that decedent's estate had specifically been made sole beneficiary, the policies were not community property but were separate property of decedent, who was the sole owner thereof, and that the change of beneficiary by

decedent was neither an accident nor fraudulent but was deliberately done as part of decedent's estate planning.

Decedent's Federal estate tax return was timely filed on December 30, 1991, signed by Anne Street Skipper, coadministratrix. In that return, the estate reported insurance on decedent's life in the total amount of $1,347,882, but excluded therefrom $673,941 as representing a one-half community property share not owned by decedent (but by Mrs. Street).

After trial to a jury, the Texas District Court entered judgment in August 1993 pursuant to specific questions that had been put to the jury and answered by it. The judgment specifically held inter alia that Mrs. Street had no valid claim against the proceeds of the insurance on decedent's life and that the estate was entitled to 100 percent thereof. The District Court also revoked the letters of coadministration previously issued and issued new letters solely in favor of Anne Street Skipper. Finally, the court ruled that Mrs. Street take nothing from her claims, and substantial attorney fees were awarded against her.

The judgment of the Texas District Court was appealed by Mrs. Street to the Texas Court of Appeals, and an opinion thereon was rendered in 1994. Street v. Skipper, 887 S.W.2d 78 (Tex. App. 1994). In sum, the Court of Appeals affirmed the District Court on all counts. With specific reference to the proceeds of

life insurance on decedent's life, the court pointed out that under Texas statutory law, Tex. Ins. Code Ann. Art. 3.49-3 (West 1981), the sole owner of life insurance that was community property could name someone other than his spouse (including his estate) as beneficiary of the policy, and that such a designation would be legally effective without the joinder or consent of the spouse if it is determined that such designation was fair and was made in the absence of fraud, either actual or constructive, on the wife. Street v. Skipper, 887 S.W.2d at 80-81. In the case before the court, the Texas Court of Appeals affirmed that there was no fraud involved, either actual or constructive, in the designation of the decedent's estate as insurance beneficiary. The court pointed out that Mrs. Street, as surviving spouse of decedent, in fact received more than one-half of decedent's total estate, being more than the one-half community property interest she might otherwise be entitled to receive. The Court of Appeals concluded in id. at 81:

> Therefore, although William Street gave his wife's share of the community property proceeds of the life insurance policies to his estate, he also bequeathed her certain portions of his share of the community estate that aptly made up the difference. Appellant still received more than half of the community estate despite the gift to William Street's estate, and we cannot find that such disposition was unfair to her. The gift of the community funds to his estate was not capricious, excessive, or arbitrary as is evident by the resulting split of the community property. * * *

Mrs. Street filed an Application for Writ of Error to the Supreme Court of Texas from the Court of Appeals, but that application was denied by the Supreme Court, which also over-ruled Mrs. Street's motion for rehearing of the application in February 1995. On the case presented, the judgment of the Texas court has become final.

In the notice of deficiency herein, respondent determined that the exclusion of one-half the life insurance proceeds, as reported by the estate, was improper, and that the full amount of $1,347,882 was includable in decedent's gross estate under section 2042.

In the case now before us, petitioner urges that 50 percent of the life insurance proceeds was excludable from the gross estate of decedent, that portion allegedly being the community property of Mrs. Street, who was the survivor.

OPINION

In the State court actions mentioned above in our findings of fact, Anne Street Skipper, decedent's executrix, prevailed over the claims of Amma Elnora Street and secured a judgment that decedent's estate was entitled to 100 percent of the life insurance proceeds, as decedent had designated during his lifetime. Despite that victory, Anne Street Skipper, executrix, claims here that only one-half of the insurance proceeds should be reported in decedent's gross estate for Federal estate tax

purposes because of Mrs. Street's alleged one-half community property interest.

The problem presented here involves the application of both State and Federal law, and we treat them in that order. Generally State law determines the ownership of property, Poe v. Seaborn, 282 U.S. 101 (1930), which means here that Texas property law determines the ownership of the insurance policies and proceeds therefrom on decedent's life. On the other hand, such property rights, once determined under State law, will be taxable as the Code provides, and that is a Federal matter, Morgan v. Commissioner, 309 U.S. 78 (1940); Broday v. United States, 455 F.2d 1097 (5th Cir. 1972).

In determining the binding or persuasive effect of State court decrees on Federal courts, interpreting the application of State law, the Supreme Court has acknowledged that where State law governs the ownership of property (as here), the State's highest court is the best authority on its own law; the opinion of a lower State court will not be binding on a Federal court, but the ruling of such State court is not to be disregarded by a Federal court unless it is considered that the State's highest court would decide otherwise. If there is no decision by the State's highest court, the Federal court must do the best it can to discern what such State's highest court would decide.

Commissioner v. Estate of Bosch, 387 U.S. 456 (1967); Estate of Rowan v. Commissioner, 54 T.C. 633 (1970).

In the present situation, Anne Street Skipper, then coadministratrix, sued in the Texas State courts to recover all the insurance proceeds that her late father had designated to be payable to his estate.  In a fully contested jury trial, she won a complete victory.  The Texas Court of Appeals affirmed, as we have related above, and the Supreme Court of Texas refused to entertain a writ of error.  We think it is now clear, as elucidated in the opinion of the Texas Court of Appeals, quoted in our findings, that although life insurance policies purchased with community funds during life may be community property in Texas, the insured-owner of such policies has the right to designate someone other than his spouse as the sole beneficiary, and, if so, upon death the insurance proceeds are removed from the regime of community property, and the surviving wife may take nothing under those policies, so long as it is clear that there is no fraud upon the wife.

The Texas courts so held in this matter, and we think this is a correct exposition of Texas law, and we shall follow it. Decedent, in designating his estate as a beneficiary of the life insurance that had been acquired with community funds, removed the wife's interest in the insurance at death from the regime of community property.  He avoided a fraud by making ample other

provision for his wife, Mrs. Street, and the trial and appellate courts specifically found that the arrangement was fair to her. The Texas courts have held, and we are satisfied, that decedent's surviving widow, Mrs. Street, had no community or other interest in the insurance proceeds on decedent's life, after decedent made his change of beneficiary designation and died.

We need not linger on whether the highest court of the relevant State (Texas here) has definitely spoken on the issue at hand. In the State court litigation, the trial court, pursuant to jury findings, ruled in favor of decedent's estate as sole beneficiary of decedent's life insurance. The Texas Court of Appeals affirmed this result, specifically pointing out that under Texas law, decedent had the right to dispose of the proceeds of the community property insurance on his life as long as it was done in a manner not unfair to his wife, and that it was so done in this case; an attempt to secure a writ of error in this matter from the Texas Supreme Court was refused. We find no rulings of the highest court of Texas that are adverse to the result in Street v. Skipper, supra, and we accept this as the correct statement of the law of Texas; Commissioner v. Estate of Bosch, supra.

In addition, as to this issue of the proper party to receive decedent's life insurance, it is the same issue before this Court as it was before the Texas courts. Those courts have answered

the question in final fashion, in favor of Anne Street Skipper and her father's estate. It is the law of the case on this issue. The principle is recognized in Texas: where a determination has already been made on a prior appeal to a court of last resort, it will govern the case throughout all its subsequent stages. <u>Transport Ins. Co. v. Employees Cas. Co.</u>, 470 S.W.2d 757 (Tex. App. 1971, writ refd. n.r.e.). The principle is equally applicable in Federal courts. <u>White v. Higgins</u>, 116 F.2d 312, 317 (1st Cir. 1940).

So much for the matter of ownership of the property under State law. We turn now to the Federal estate tax aspects of the case. The estate tax is not a tax on property but rather is an excise tax, levied on the right to transmit property at death. The amount to be taxed is valued by the property actually transferred, as opposed to that owned by the decedent before death, or the interest held by the legatee after death. <u>New York Trust Co. v. Eisner</u>, 256 U.S. 345 (1921); <u>Knowlton v. Moore</u>, 178 U.S. 41 (1900); <u>Estate of Bright v. United States</u>, 658 F.2d 999 (5th Cir. 1981) (a Texas case). As the Court of Appeals pointed out in <u>Walter v. United States</u>, 341 F.2d 182, 185 (6th Cir. 1965), the tax is imposed on the right to transfer property by the decedent, and is measured by what is passed rather than by what is received. This adds significance to the provisions of section 2042(1), which provides that for Federal estate tax

purposes the gross estate includes the value of all property
receivable by the executor as insurance under policies on the
life of the decedent (not on the policies themselves).

In the present case, when decedent, as the owner and insured
of certain life insurance policies that were community property,
designated his estate as the beneficiary thereof, and also made
other transfers of property to his wife in a manner that was fair
to her and compensated her for the loss of insurance rights,
decedent was successful under Texas law in withdrawing said
insurance proceeds from the regime of community property and in
eliminating his wife's interest therein when he died.  That being
so, the entire proceeds of the insurance are includable in
decedent's gross estate under section 2042(1).  In this
connection, it is of no help to petitioner to cite or rely on
section 20.2042-1(b)(2), Estate Tax Regs.[1]  This regulation
presupposes that under controlling local law, one-half of the
proceeds of community property life insurance belongs to the
spouse and not to decedent, so that only one-half of such
proceeds is includable in the taxable estate.  But as we have
already seen, supra, decedent's wife here was divested of her

---

[1]  The cited regulation provides:  "If the proceeds of an
insurance policy made payable to the decedent's estate are
community assets under the local community property law and, as a
result one-half of the proceeds belongs to the decedent's spouse,
then only one-half of the proceeds is considered to be receivable
by or for the benefit of decedent's estate".

- 13 -

community property right to a share of the life insurance proceeds, and the Texas courts have so held.  She therefore had no interest to be excluded from decedent's gross estate under section 2042.  On this issue therefore, we hold for respondent.

To give effect to the other concessions and agreements that the parties have entered into with respect to other issues in this case,

Decision will be entered

under Rule 155.