Hester LEONE, Appellant,

v.

Jasper Thomas LEONE, Appellee.

No. 7875.

Court of Civil Appeals of Texas, Beaumont.

Oct. 21, 1976.

Rehearing Denied Nov. 10, 1976.

Harold Peterson, Beaumont, for appellant.

H. S. Long, Beaumont, for appellee.

STEPHENSON, Justice.

This is a limited appeal in a divorce case with an agreed statement of the case under Tex.R.Civ.P. 378. The parties will be referred to here as they were in the trial court.

Respondent was ordered to pay $1,000 per month for the support of petitioner and the two minor children during the pendency of the suit. No indication was given as to what part was temporary alimony and what part was child support.

The agreed statement shows a hearing was held June 3, 1975, and on July 15, 1975, a divorce was granted. The final judgment shows the trial court heard the case June 3, 1975, and on July 15, 1975, ordered respondent to pay $280 per month for each child as child support. The final judgment has the recitation that temporary alimony was terminated July 15, 1975, when judgment for divorce was rendered in open court. Such final judgment was signed and entered March 15, 1976.

Even though petitioner agrees in the statement of the case that the divorce was granted July 15, 1975, nevertheless she contends here that the trial court erred in not rendering judgment for her to recover $3,520 which is the difference between the $560 paid by respondent from July 15, 1975, and March 15, 1976, and $1,000 per month as originally ordered by the trial court.

Argument is made by petitioner that the temporary order was not countermanded or revoked until the final judgment was entered March 15, 1976. We disagree.

The record before us shows the court granted this divorce in open court July 15, 1975, and delivered the attorneys as "Property Division" which showed the child support was set at $280 for child per month. The court later on December 1, 1975, wrote the attorneys a letter showing that respondent had been ordered to pay $1,000 a month to July 15, the date the judgment was rendered, and thereafter $560 a month child support. The final judgment entered March 15, 1976, reaffirms the action of the

trial court as to temporary alimony and child support.

We have come to the conclusion that the record before us shows the order as to alimony pendente lite was revoked as of July 15, 1975, when the divorce was granted, and respondent was ordered to begin making child support payment.

Petitioner cites *Ex Parte Gnesoulis*, 525 S.W.2d 205 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ). That case is a contempt proceeding in which the husband was found by the trial court to be in contempt for failing to make payments under the temporary orders of the trial court and for breach of a restraining order enjoining the parties from harming one another. That trial court did write a letter to the parties in reference to rendering a judgment; however, there was no announcement in open court. The Court of Civil Appeals in *Ex Parte Gnesoulis*, supra, at page 209 contains this statement:

"We hold that as a matter of law the letter written by the trial judge on February 28, 1975, did not constitute a rendition of judgment in this case. The rendition of a judgment is effected when the trial court in open court declares the decision of the law upon the matters at issue. It is distinguishable from the entry of judgment which is a purely ministerial act by which the judgment is made of record and preserved. As has been often stated, the rendition of judgment may be oral as well as written. A judgment can be rendered orally in open court, or by written memorandum signed by the judge and delivered to the clerk for filing, signifying to the clerk in his official capacity and for his official guidance the sentence of law pronounced by the trial judge. *Comet Aluminum Company v. Dibrell*, 450 S.W.2d 56 (Tex.Sup.1970); *Knox v. Long*, 152 Tex. 291, 257 S.W.2d 289 (1953); *Coleman v. Zapp*, 105 Tex. 491, 151 S.W. 1040 (1912)."

On the other hand, the respondent in the case before us makes the statement that he takes no position that the final judgment was not rendered July 15, 1976. We have

concluded the case before this court and *Ex Parte Gnesoulis*, supra, are clearly distinguishable.

Judgment AFFIRMED.

DIES, C. J., not participating.