**Ex parte Walter TARPLEY.**

**No. 11–82–055–CV.**

Court of Appeals of Texas, Eastland.

July 8, 1982.

Rehearing Denied July 29, 1982.

Ben D. Sudderth and Keith Woodley, Sudderth, Woodley & Dudley, Comanche, for appellant.

Jim Parker, Comanche, for appellee.

RALEIGH BROWN, Justice.

This is a habeas corpus proceeding. On March 4, 1981, a hearing on temporary orders in a pending divorce case, Babs Elane Tarpley and Walter Doff Tarpley, was heard. The trial court on March 15, 1981, entered a temporary order which included:

> IT IS ORDERED that WALTER DOFF TARPLEY pay to BABS ELANE TARPLEY as temporary support the sum of $1,100.00 per month, with the first payment being due and payable on the 15th day of March, 1981, and a like payment being due and payable on the 15th day of each month thereafter *until further order of this Court.* (Emphasis added)

Trial on the merits of the divorce case was held on July 16 and July 17, 1981. Final arguments were heard by the court on July 27, 1981. According to the parties in argument before this court on June 24, 1982, no final appealable judgmen\ has been entered in the divorce proceedings and neither party has sought mandamus under Tex.Rev.Civ.Stat.Ann. art. 1824 (Vernon 1964).

On November 24, 1981, Mrs. Tarpley filed a motion for contempt. A hearing was had on the motion on December 9, 1981, and on February 23, 1982, the trial court entered a written order holding Tarpley in contempt for failure to pay temporary alimony. The order provided that Tarpley pay $3,300 in temporary alimony, $800 as a reasonable attorney's fee, and a $500 fine. The order further provided that Tarpley shall be confined in the Comanche County jail for three days and be further confined if he did not by 5 p. m. on March 12, 1982, pay the $3,300, $73 in court costs, $800 in attorney's fee and a $500 fine. Tarpley's failure to comply with that order resulted in his confinement in the Comanche County jail and the instant proceedings.

■ Tarpley contends that he is not subject to contempt for failing to make alimony pende lite payments subsequent to July 1981 because at the close of the hearing on July 27, 1981, the court in open court orally pronounced judgment divorcing the parties and took the issue of a division of the property under advisement. He argues that the oral pronouncement of divorce was an order that superceded the temporary order as to alimony pende lite.

Mrs. Tarpley concedes that Tarpley cannot be held in contempt for his failure to pay $800 in attorney's fee. She does not concede, however, that there was in fact an oral pronouncement of divorce but argues that even if such oral pronouncement of divorce had been established it would not suspend Tarpley's obligation to pay alimony pende lite to her.

We consider first the issue of whether or not such an oral pronouncement was made. No record was made of the final arguments or the pronouncement of the court at the conclusion of final arguments on July 27, 1981. At the hearing on the motion for contempt on December 9, 1981, both Tarpley and his attorney testified that at the conclusion of the July 27, 1981, hearing they heard the court pronounce orally from the bench that the court granted Mrs. Tarpley a divorce and that it would take under advisement the matter of the division of the property.

Catherine Adamski, attorney for Mrs. Tarpley at the hearings on July 27, 1981, and December 9, 1981, testified in part at the latter hearing:

> Okay. I would testify that I too heard that same pronouncement, and my understanding of the law is until there is a

decree signed by the Court, there is no divorce.

This is the only testimony regarding whether or not such oral pronouncement was made.

The court in *Wood v. Paulus*, 524 S.W.2d 749 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.) said:

It has been held that whether the trial judge pronounced the judgment orally from the bench and what the terms of the pronouncement were are questions of fact. *Mobley v. Rheem Manufacturing Company*, 410 S.W.2d 320 (Tex.Civ.App. —Houston 1966, writ ref'd n. r. e.); *Dillon v. Nall*, 99 S.W.2d 349 (Tex.Civ.App. —San Antonio 1936, writ dism'd); Reavley, Trial Court's Power to Amend its Judgments, 25 Baylor L.Rev. 191 at 203 (1973).

We hold that it has been established conclusively that the trial court did on July 27, 1981, pronounce a judgment of divorce as to the parties.

By such pronouncement, the trial court did on such date render a judgment of divorce. As stated by the court in *Comet Aluminum Company v. Dibrell*, 450 S.W.2d 56 (Tex.1970):

In *Coleman v. Zapp*, 105 Tex. 491, 151 S.W. 1040, at 1041 (1912) we stated that a judgment's "rendition is the judicial act by which the court settles and declares the decision of the law upon the matters at issue." And in *Knox v. Long*, 152 Tex. 291, 257 S.W.2d 289, at 292 (1953), we quoted Freeman on Judgments as stating that a judgment is " 'rendered' when the decision is officially announced either orally in open court or by memorandum filed with the clerk." We then quoted

with approval from *Appeal of Bulkeley*, 76 Conn. 454, 57 A. 112, 113, as follows:

"A judgment is in fact rendered whenever the trial judge officially announces his decision in open court, or out of court signifies to the clerk, in his official capacity and for his official guidance—whether orally or by written memorandum—the sentence of the law pronounced by him in any cause."

See also *Gonzalez v. Gonzalez*, 614 S.W.2d 203 at 205 (Tex.Civ.App.—Eastland 1981, writ dism'd).

The judgment of divorce, on its rendition, even without any entry, is valid and enforceable between the parties. *Leatherwood v. Holland*, 375 S.W.2d 517 (Tex.Civ. App.—Fort Worth 1964, writ ref'd n. r. e.).

The temporary order regarding the payment of alimony pende lite required such payment "on the 15th day of each month thereafter *until further order of this court.*" (Emphasis ours)

The pronouncement of divorce on July 27, 1981, was a further order of the court. Such order did not require the continued payment of alimony pende lite. Tarpley was, therefore, relieved of any obligation under the prior temporary order. *Leone v. Leone*, 543 S.W.2d 681 (Tex.Civ.App.— Beaumont 1976, no writ).

The order holding relator in contempt is dissolved, and the relator is ordered discharged.