ESTATE OF Frederick F. KORZEKWA
and
Valta R. Korzekwa, Appellants,

v.

PRUDENTIAL INSURANCE COMPANY OF AMERICA and Cynthia Ann Korzekwa, Appellees.

No. 04-82-00561-CV.

Court of Appeals of Texas,
San Antonio.

Feb. 29, 1984.

Rehearing Denied March 19, 1984.

Writ Filed March 28, 1984.

Marion T. Carson, San Antonio, for appellants.

Charles D. Houlihan, Jr., San Antonio, for appellees.

Before CADENA, C.J., and CANTU and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

This is an appeal from a judgment awarding the proceeds of a life insurance policy on the life of Frederick F. Korzekwa, deceased, to his daughter from a prior marriage, Cynthia Ann Korzekwa, the last named beneficiary. The case was tried before the court, without jury, on stipulated facts and oral testimony.

Appellant and Frederick F. Korzekwa were married in July 1962. Two children were born as issue of the marriage. Mr. Korzekwa was employed by Blood Systems, Inc., and as an incident of his employment, was protected under the employee's group life insurance policy. Appellant was the original named beneficiary. Subsequently, appellant filed suit for divorce and on the 23rd of December, 1980, obtained a temporary order restraining Mr. Korzekwa from changing the beneficiary designation on any life insurance policies. Mr. Korzekwa changed the beneficiary designation on December 29, 1980, to Cynthia Ann Korzekwa, his daughter from a prior marriage. The parties were divorced on May 29, 1981, and thereafter Mr. Korzekwa died on November 6, 1981. The decedent devised by

will all of his estate to appellant.[1] The contingent beneficiary was Phyliss Ann Gaiser, appellant's daughter by a prior marriage.

Appellants filed suit seeking the proceeds of the life insurance policy. Appellee, Prudential Insurance Company of America, as interpleader, deposited into the registry of the court $49,300.32 which represented the face amount of the policy of $44,000.00 plus eight percent (8%) accrued interest.

The two assignments of error will be reviewed jointly since they are related. Appellant alleges that the court abused its discretion in rendering a judgment which was not supported by any evidence and that there was no evidence, findings of fact or conclusions of law to support the judgment. Her argument is predicated on the doctrine of constructive fraud. She questions the amount of the gift to a third party of appellant's community interest, in relation to the size of the estate of the deceased and whether the change of beneficiary was an attempt to defraud appellant, in violation of the court order.

It is undisputed that the life insurance policy in question was community property. The decedent's participation in the insurance program was an incident of his employment during the marital status. Decedent had the sole management, control and disposition rights over the parties' community property subject only to the limitation that any disposition not be fraudulent as to appellant or resulted in constructive fraud against her interest in the community property. *See* TEX.FAM.CODE ANN. § 5.22 (Vernon 1975); *see generally* McKnight, *Husband and Wife,* 37 S.W.L.J. 65 (1983). The named insured has the right to designate the beneficiary under the insurance policy. TEX.INS.CODE ANN. art. 3.49-3 (Vernon 1981). In the instant case, the questioned change of the designated beneficiary occurred during the pendency of the divorce proceedings. TEX.FAM. CODE ANN. § 3.57 (Vernon Supp.1982-1983) was amended effective August 27, 1979 and provides in pertinent part, viz:

> After a petition for divorce or annulment is filed and until a final decree is entered, if a spouse transfers real or personal community property or incurs a debt that would subject community property to liability, the transfer or debt is void with respect to the other spouse if the transfer was made or the debt incurred with the intent to injure the rights of the other spouse. A transfer or debt is not void if the person dealing with the transferor or debtor spouse did not have notice of the intent to injure the rights of the other spouse. In an action to void any transfer or debt *the spouse seeking to void said transfer or debt shall have the burden of proving that the person dealing with the transferor or debtor spouse had notice of the intent to injure the rights of the other spouse.* [Emphasis added.]

Appellant seeks to void the change of beneficiary, but failed to discharge her burden to show that Cynthia, the prevailing last beneficiary, had notice of any intent to injure her (appellant's) community property rights. Therefore, under the provisions of § 3.57 of the Family Code, *supra,* the transfer or change of beneficiary under the subject life insurance policy is not void.

Under the court developed doctrine of constructive fraud, the donor-spouse or the donee, seeking to sustain the gift had the burden of proving that the gratuitous transfer of community assets was fair. *See Archer v. Griffith,* 390 S.W.2d 735 (Tex.1964), and more recently, *Spruill v. Spruill,* 624 S.W.2d 694 (Tex. App.—El Paso 1981, writ dism'd). In *Redfearn v. Ford,* 579 S.W.2d 295, 297 (Tex.Civ. App.—Dallas 1979, writ ref'd n.r.e.), the court sets out the factors which affect the "fairness" question, as follows:

1. TEX.PROBATE CODE ANN. § 69 (Vernon 1980), provides that if the testator is divorced after making a will, then all provisions in the will in favor of the divorced spouse are null and void. Appellant is not entitled to take under the will of Frederick J. Korzekwa, to which fact appellant's counsel has conceded.

The courts have considered objective factors in determining whether the situation was one in which the decedent might properly have made a gift of community funds, *such as the relationship of the parties, whether special circumstances tended to justify the gift,* and *whether the community funds used for such purpose were reasonable in proportion to the community assets remaining.* [Emphasis added.]

The better approach for handling the final disposition of assets of a deceased donor is to allow the gift to stand and to allow the defrauded spouse reimbursement if there are other assets from which reimbursement may be made. *See Carnes v. Meador,* 533 S.W.2d 365, 371–72 (Tex.Civ.App.—Dallas 1975, writ ref'd n.r.e.). In the case at bar, the stipulated evidence established that the assets of the estate of decedent were sufficient to reimburse appellant for any loss sustained as a result of the change of beneficiary.

On the "fairness" question, the record reflects that the property settlement agreement incorporated in the divorce decree of May, 1981, provided appellant and decedent with substantial real property and liquid assets. He died November 6, 1981, leaving by will, his estate to appellant. (*See* fn. 1). In the event appellant cannot legally take under the will, her natural daughter, Phyliss Ann Gaiser, is the contingent beneficiary. Therefore, appellant or her daughter stand to receive all of the property awarded to decedent as his share of the community property. The only provisions made for his natural daughter, Cynthia, was the proceeds of the insurance policy in question. The face amount of the policy was $44,000.00 which does not appear to be *per se,* a disproportionate amount, to the remaining community assets. The facts in this case are distinguishable from *Givens v. Girard Life Insurance Company of America,* 480 S.W.2d 421, 426–27 (Tex.Civ.App.—Dallas 1972, writ ref'd n.r.e.), where the court ruled that life insurance purchased with community funds for the benefit of an unrelated person constituted *prima facie* evidence of constructive fraud. In this case appellant's right of recourse is first against the estate of her deceased husband and if there are insufficient assets, she may pursue the proceeds of the policy, to the extent of her community interest, into the hands of the transferee. *See Carnes v. Meador, supra* at 371–72. The trial court correctly denied appellant any relief in view of the stipulated evidence that the assets of the estate of decedent were sufficient to reimburse appellant for any loss as a result of the change of beneficiary under the life insurance policy.

The requirements of the temporary orders, *pende lite,* expired with the pronouncement of the divorce decree on May 29, 1981. *See Ex parte Tarpley,* 636 S.W.2d 21, 23 (Tex.App.—Eastland 1982, no writ); *Leone v. Leone,* 543 S.W.2d 681, 682 (Tex.Civ.App.—Beaumont 1976, no writ); McKnight, *Husband and Wife, supra* at 107. We do not agree that the change of beneficiary in direct violation of the temporary order voided or adversely affected the designation of the last beneficiary. Proceedings for violation of an injunction are in the nature of a contempt proceeding. *See Credit Bureau of Laredo, Inc. v. State of Texas,* 515 S.W.2d 706, 710–11 (Tex.Civ.App.—San Antonio), *aff'd,* 530 S.W.2d 288 (Tex.1975); TEX.REV.CIV.STAT.ANN. art. 1911a (Vernon Supp.1982–1983). An injunction operates *in personam,* and an act done in violation of an injunction is not a nullity. *See Suntex Dairy v. Bergland,* 591 F.2d 1063, 1068 (5th Cir.1979), citing *Davis v. Prudential Insurance Company of America,* 331 F.2d 346 (5th Cir.1964), where the husband changed beneficiaries in violation of a restraining order issued in the divorce proceedings. The court in *Davis* held that the remedies for violation of the injunction were by contempt proceedings or suit for damages, and that violation of the injunction did not void the transfer of beneficiaries. *Davis, supra* at 349–50. We, therefore, conclude that the record evidence supports the implied findings and judgment of the trial court. All points of error are overruled.

The judgment of the trial court is affirmed.