**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-50234
Summary Calendar
_____


CHARLES TARRANT
and
JESSIE JUANITA TARRANT,

                    Plaintiffs-Counter-
                    Defendants-Appellants,


VERSUS


HALLIBURTON ENERGY SERVICES RETIREMENT PLANS,


                    Defendant-Third Party
                    Plaintiff-Counter-Plaintiff,

VERSUS

LARRY TARRANT, et al.,

                    Third Party
                    Defendants-Appellees,

THOMAS SCOTT TARRANT,

                    Third Party Defendant-
                    Counter-Plaintiff-Appellee.



_____

Appeal from the United States District Court
for the Western District of Texas
(CA-MO-94-169)
_____

November 17, 1995

Before GARWOOD, SMITH, and BENAVIDES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Charles Tarrant and Jessie Juanita Tarrant appeal a judgment in favor of Thomas Scott Tarrant ("Thomas") and Robert Leslie Tarrant ("Robert").[1] They contend that the district court improperly concluded that Thomas and Robert were the appropriate beneficiaries of an ERISA[2] pension account established by their father, Bobby Joe Tarrant ("Bobby Joe"). Concluding that Thomas and Robert are the proper beneficiaries under the ERISA plan, we affirm.

I.

Bobby Joe died on September 21, 1993, two weeks after divorcing Dana. Apparently recognizing that his divorce necessitated a change in his will, Bobby Joe had executed a new will two months earlier, on July 20. Among the provisions of that will was one declaring his "intention by and through this will not to leave any of my estate to my son Thomas Scott Tarrant." He named several family members, including the appellants and Robert, as the heirs to his estate.

---

[*] Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that rule, the court has determined that this opinion should not be published.

[1] Robert Leslie Tarrant is a minor and is represented by his mother and guardian, Dana K. Tarrant.

[2] "ERISA" is the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.

At the time of his death, Bobby Joe was a participant in the Halliburton Profit-Sharing and Savings Plan (the Plan"), an ERISA plan. Bobby Joe had designated Dana as the beneficiary of his Plan account prior to his divorce. He did not change the designation after the divorce.

The Plan contains specific provisions determining the appropriate beneficiary of a Plan account. If a Plan member has designated his spouse as beneficiary, he may change that designation only with her consent. If he has designated his spouse as beneficiary and has subsequently divorced, the designation is void. If no valid beneficiary exists, the Plan determines the beneficiary in the following order of preference: (1) the participant's living spouse; (2) his child or children; (3) his parents; and (4) his executor or administrator, or his heirs at law. Thus, under the terms of the Plan, Thomas and Robert would be the appropriate beneficiaries of their father's Plan account.

Following Bobby Joe's death, the plaintiffs filed this action in state court seeking a judicial determination of the proper beneficiaries of his Plan account. The action was removed to federal court on the basis of federal question jurisdiction. See 28 U.S.C. §§ 1331, 1441. The case was tried by consent before a magistrate judge, who determined that Thomas and Robert were the appropriate beneficiaries.

## II.

The issue is whether Bobby Joe's beneficiaries must be

3

determined in accordance with the Plan's terms.  The plaintiffs contend that we may invoke federal common law to determine that the proper beneficiaries are Bobby Joe's heirs at law.  At the outset, we note that a written ERISA plan generally controls the distribution of plan benefits.  See Rodrique v. Western & Southern Life Ins. Co.,948 F.2d 969 (5th Cir. 1991); In re HECI Exploration Co., 862 F.2d 513, 524 (5th Cir. 1988).

The plaintiffs argue as follows: Bobby Joe took the best and only course legally available to him to change his beneficiaries. His divorce occurred on September 7, 1993, and was not final until the time for filing an appeal or motion for new trial expired thirty days later.  TEX. R. CIV. P. 392b.  He thus could not alter his designation of Dana as beneficiary without her permission until October 7, sixteen days after his death.  Bobby Joe was unable to designate new beneficiaries and, through his will, did all that he could do to change his designation.  The plaintiffs invite us to rely on federal common law to honor Bobby Joe's wishes and designate the heirs to his estate as his beneficiaries under the Plan.

The plaintiffs rely upon Brandon v. Travelers Ins. Co., 18 F.3d 1321 (5th Cir. 1994), cert. denied, 115 S. Ct. 732 (1995).  In Brandon, the decedent had designated his wife as beneficiary to his life insurance plan, an ERISA plan.  He later divorced her.  The divorce decree provided that the ex-wife gave up any claim to the life insurance proceeds, but the decedent failed to file a change-of-beneficiary form required by the plan.  Noting that "we 'look to

4

either the statutory language or, finding no answer there, to federal common law which, if not clear, may draw guidance from analogous state law,'" id. at 1325 (quoting from McMillan v. Parrott, 913 F.2d 310, 311 (6th Cir. 1990)), we relied upon federal common law, which borrowed from state law, to find that the ex-wife was not the appropriate beneficiary.

The plaintiffs believe that Brandon should be construed broadly to allow courts to invoke federal common law even when an ERISA plan contains clear provisions governing an issue. We need not address their argument, however. Even if we accepted it, they could not prevail, as their assertion that Bobby Joe took all available steps to alter his beneficiaries is incorrect.

Under Texas law, Bobby Joe had the opportunity to designate new beneficiaries and failed to do so. The execution of his new will did not alter his beneficiaries, because an employee pension plan is not part of the estate that passes by will under Texas law. See Valdez v. Ramirez, 574 S.W.2d 748, 750 (Tex. 1978). As soon as the divorce decree was issued, Bobby Joe was free to designate new beneficiaries without Dana's permission, but he took no action.

Plaintiffs' contention that Bobby Joe had to wait thirty days for the decree to become final is incorrect, as Texas law makes a judgment of divorce valid and enforceable on rendition. See Dunn v. Dunn, 439 S.W.2d 830 (Tex. 1969); Ex parte Tarpley, 636 S.W.2d 21, 23 (Tex. App.——Eastland 1982, no writ) (holding a "judgment of divorce, on its rendition, even without any entry, is valid and enforceable between the parties"); Galbraith v. Galbraith, 619

5

S.W.2d 238, 240 (Tex. App.——Texarkana 1981, no writ) (holding that "although the written decree was not signed until March 24, 1976, the divorce was fully effective for all purposes . . . at the time it was pronounced from the bench").  It was thus possible for Bobby Joe to designate new beneficiaries on or after September 7, when the divorce decree was entered.  He failed to do so.  The proper beneficiaries are therefore his sons, Thomas and Robert, in accordance with the Plan's provisions.

AFFIRMED.