**Consuelo Martinez MADRIGAL, Appellant,**

v.

**Concepcion MADRIGAL, Appellee.**

**No. 04–02–00233–CV.**

Court of Appeals of Texas, San Antonio.

June 25, 2003.

Belinda Mendez, Laredo, for Appellant.

Eduardo Jaime, Jaime L. Flores (OTH), Laredo, Paul E. Ridley (OTH), Kirkpatrick & Lockhart, L.L.P., Dallas for Appellee.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by: PAUL W. GREEN, Justice.

Appellant Consuelo Martinez Madrigal (Consuelo) is the surviving spouse of Gregorio Madrigal, Sr. She appeals the trial court's judgment awarding the proceeds of Madrigal's life insurance policy to his former wife, appellee Concepcion Madrigal (Concepcion). Because Concepcion failed to show that the gift of the policy proceeds was fair to the community or that there are sufficient funds in Madrigal's community property interest to reimburse Consuelo for the gift, we reverse the trial court's judgment and render judgment in favor of Consuelo.

During his marriage to Consuelo, Madrigal acquired a life insurance policy as one of the benefits of his employment. Madrigal voluntarily paid additional premiums to obtain extra coverage. Madrigal named his former spouse, Concepcion, as the beneficiary of the policy, apparently without Consuelo's knowledge. The trial court awarded the entire proceeds to the designated beneficiary, Concepcion. On appeal Consuelo argues: (1) the evidence is legally and factually insufficient to support the trial court's award, thus conclusively establishing Consuelo was entitled to her community share of the proceeds; (2) the trial court improperly shifted the burden of proof to Consuelo, the surviving spouse; and (3) the trial court improperly substituted his subjective belief for uncontroverted evidence.

In reviewing a "no evidence" or legal sufficiency issue, we must view' the evidence in a light that tends to support a finding of disputed fact and disregard all evidence and inferences to the contrary. *Bradford v. Vento*, 48 S.W.3d 749, 754 (Tex.2001). If there is more than a scintilla of evidence to support the finding, it will be upheld. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex.1998). In reviewing a factual sufficiency point, we are required to weigh all of the evidence in the record. *Tex. Dep't of Mental Health & Mental Retardation v. Rodriguez*, 63 S.W.3d 475, 480 (Tex.App.-San Antonio 2001, pet. denied). Findings may be overturned only if they are so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Id.*

Proceeds from a life insurance policy acquired as a benefit of employment during marriage are community property.

*Korzekwa v. Prudential Ins. Co. of Amer.,* 669 S.W.2d 775, 777 (Tex.App.-San Antonio 1984, writ dism'd). The policy is the sole management community property of the employee spouse, and that spouse may designate the beneficiary of the policy. *Street v. Skipper,* 887 S.W.2d 78, 81 (Tex. App.-Fort Worth 1994, writ denied); *Murphy v. Metropolitan Life Ins. Co.,* 498 S.W.2d 278, 282 (Tex.Civ.App.-Houston [14th Dist.] 1973, writ ref'd n.r.e.). However, because a trust relationship exists between husband and wife regarding the community property controlled by each spouse, if the designation of a third-party beneficiary constitutes actual or constructive fraud on the community, proceeds may be awarded to the surviving spouse rather than the designated beneficiary. *See Murphy v. Metropolitan Life Ins. Co.,* 498 S.W.2d at 282; *Brownson v. New,* 259 S.W.2d 277, 281 (Tex.Civ.App.-San Antonio 1953, writ dism'd).

▮▮▮▮▮ A surviving spouse establishes a prima facie case of constructive fraud on the community by proof that the life insurance policy was purchased with community funds for the benefit of a person outside the community. *Murphy,* 498 S.W.2d at 282; *Givens v. Girard Life Ins. Co.,* 480 S.W.2d 421, 426 (Tex.Civ.App.-Dallas 1972, writ ref'd n.r.e.) (no proof of fraudulent intent is required). The donor spouse or the designated beneficiary, seeking to overcome a prima facie case of fraud and sustain the gift, has the burden of proof to show that the disposition of the surviving spouse's one-half community interest is fair. *Korzekwa,* 669 S.W.2d at 777; *Givens,* 480 S.W.2d at 426. To determine whether a gift of proceeds is fair, the court may consider a number of factors, includ-

ing: (1) the size of the gift in relation to the total size of the community estate; (2) the adequacy of the estate remaining to support the surviving spouse in spite of the gift; (3) the relationship of the donor to the donee; and (4) whether special circumstances existed to justify the gift. *Barnett v. Barnett,* 67 S.W.3d 107, 126 (Tex.2001); *Street,* 887 S.W.2d at 81; *Korzekwa,* 669 S.W.2d at 777. The gift is generally allowed if the donor spouse has sufficient community property to reimburse the surviving spouse for the loss caused by the gift. *Korzekwa,* 669 S.W.2d at 778.[1]

In this case, there is no evidence of actual fraud; therefore, we must determine if the gift of proceeds to Concepcion resulted in constructive fraud on the community. *See Street,* 887 S.W.2d at 81. There is no dispute that the policy proceeds are community property. The record establishes a special relationship between Concepcion and the deceased through their three children. The parties stipulated that Consuelo will receive workmen's compensation survival benefits. In addition, she may receive retirement benefits through Madrigal's estate. However, the amounts of workmen's compensation or retirement benefits were not established. No other evidence was presented with regard to assets of Madrigal's estate. No evidence was presented as to: (1) the size of the gift in relation to the total size of the community estate, i.e., whether the community funds used were reasonable in proportion to the community assets remaining; or (2) the adequacy of the estate remaining to support the surviving spouse in spite of the gift. The total size of the

---

1. The defrauded spouse's right of recourse is first against the estate of the deceased spouse for reimbursement for his or her one-half interest in the funds disposed of in fraud. *Korzekwa,* 669 S.W.2d at 778. If there are insufficient assets in the deceased's estate, then the surviving spouse may pursue the proceeds of the policy, to the extent of her or his community interest, into the hands of the transferee. *Id.*

community estate was not determinable from the evidence presented.

Without the missing evidence, Concepcion did not meet her burden to show the gift was fair or that Consuelo could be reimbursed from Madrigal's community interest. Accordingly, we reverse the trial court's judgment awarding the policy proceeds to Concepcion. We render judgment that Consuelo receive one-half of the policy proceeds, including any interest which may have accrued. Costs of the appeal are taxed against appellee Concepcion Madrigal.