DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOAN JOHNSON,**
Appellant,

v.

**LEE TOWNSEND, LESLIE LYNCH, ELIZABETH DENECKE**
and **LISA EINHORN,**
Appellees.

No. 4D18-432

[October 24, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen M. Miller, Judge; L.T. Case No. 502015CP001096XXXNB.

Edward Downey of Downey | McElroy, P.A., Palm Beach Gardens, for appellant.

William E. Boyes of Boyes, Farina & Matwiczyk, P.A., Palm Beach Gardens, for appellees.

GERBER, C.J.

The decedent's wife appeals from the circuit court's final order granting the decedent's daughters' motion to strike the wife's "Petition to Determine and Perfect Surviving Spouse's Community Property Interest in Estate Assets." The circuit court struck the wife's petition, which the wife filed more than two years after the decedent's death, for three reasons: (1) pursuant to section 733.702(1), Florida Statutes (2015), the petition was an untimely claim against the estate; (2) the petition was further barred by the two-year statute of repose contained in section 733.710(1), Florida Statutes (2015); and (3) no exception to those statutory deadlines allowed the wife to file the petition more than two years after the decedent's death.

The wife argues that her petition to determine her community property interest was not a claim, and thus not subject to any statutory deadlines. The wife further argues that if her petition was a claim, then her petition fell within the "trust exception" and "lien exception" to the statutory deadlines.

We agree with the circuit court's conclusions and, therefore, we affirm the circuit court's order. We will present this opinion in the following sections:

1. The estate administration's timeline;
2. The petition's procedural history;
3. The circuit court's order; and
4. This appeal and our review.

## 1. *The Estate Administration's Timeline*

On January 21, 2015, the decedent died.

On March 17, 2015, the wife, as the decedent's nominated personal representative under his will, filed a notice of administration of the estate.

On March 19, 2015, the circuit court admitted the decedent's will to probate and, pursuant to the will, appointed the wife as the estate's personal representative. The circuit court also issued letters of administration to the wife.

On March 31, 2015, the wife published a notice to creditors. The notice, pursuant to section 733.702(1), stated in pertinent part:

> All creditors of the decedent and other persons having claims or demands against decedent's estate, on whom a copy of this notice is required to be served, must file their claims with this court ON OR BEFORE THE LATER OF 3 MONTHS AFTER THE TIME OF THE FIRST PUBLICATION OF THIS NOTICE OR 30 DAYS AFTER THE DATE OF SERVICE OF A COPY OF THIS NOTICE ON THEM.

> All other creditors of the decedent and other persons having claims or demands against decedent's estate must file their claims with this court WITHIN 3 MONTHS AFTER THE DATE OF THE FIRST PUBLICATION OF THIS NOTICE.

> ALL CLAIMS NOT FILED WITHIN THE TIME PERIODS SET FORTH IN FLORIDA STATUTES SECTION 733.702 WILL BE FOREVER BARRED.

*See* § 733.702(1), Fla. Stat. (2015) ("If not barred by s. 733.710, no claim or demand against the decedent's estate that arose before the death of the decedent . . . [and] no claim for personal property in the possession of the personal representative . . . is binding on the estate, on the personal representative, or on any beneficiary *unless filed in the probate proceeding on or before the later of the date that is 3 months after the time of the first publication of the notice to creditors or, as to any creditor required to be served with a copy of the notice to creditors, 30 days after the date of service on the creditor . . . .*") (emphasis added).

The notice further stated, pursuant to section 733.710(1)'s two-year repose deadline:

> NOTWITHSTANDING THE TIME PERIOD SET FORTH ABOVE, ANY CLAIM FILED TWO (2) YEARS OR MORE AFTER THE DECEDENT'S DATE OF DEATH IS BARRED.

*See* § 733.710(1), Fla. Stat. (2015) ("Notwithstanding any other provision of the code, 2 years after the death of a person, neither the decedent's estate, the personal representative, if any, nor the beneficiaries shall be liable for any claim or cause of action against the decedent, whether or not letters of administration have been issued, except as provided in this section.").

On June 30, 2015, the three-month claims period under section 733.702(1) expired. By that time, the wife had not filed a claim or other pleading against the estate to determine her alleged community property interest.

On January 21, 2017, the two-year repose period under section 733.710(1) expired. By that time, the wife still had not filed a claim or other pleading against the estate to determine her alleged community property interest.

## 2. *The Petition's Procedural History*

On September 6, 2017 (two years eight-and-a-half months after the decedent's death), the wife filed her "Petition to Determine and Perfect Surviving Spouse's Community Property Interest in Estate Assets." The wife's petition, filed pursuant to sections 732.216–.228, Florida Statutes (2015) (known as the "Florida Uniform Disposition of Community Property Rights at Death Act") sought to confirm and effectuate her vested 50% community property interest in an investment asset acquired and titled in the decedent's name while the decedent and the wife were domiciled in Texas, a community property state. *See* § 732.219, Fla. Stat. (2015) ("Upon the death of a married person, one-half of the property to which ss. 732.216-732.228 apply is the property of the surviving spouse and is not subject to testamentary disposition by the decedent or distribution under the laws of succession of this state.").

The decedent's daughters filed a motion to strike the wife's petition. The daughters' motion and supplemental memorandum argued that the wife's petition was untimely under sections 733.702(1), 733.710(1), and 732.223. Section 732.223 states:

> If the title to any property to which ss. 732.216-732.228 apply was held by the decedent at the time of the decedent's death, title of the surviving spouse may be perfected by an order of the probate court or by execution of an instrument by the personal representative or the

beneficiaries of the decedent with the approval of the probate court. The probate court in which the decedent's estate is being administered has no duty to discover whether property held by the decedent is property to which ss. 732.216-732.228 apply. The personal representative has no duty to discover whether property held by the decedent is property to which ss. 732.216-732.228 apply unless a written demand is made by the surviving spouse or the spouse's successor in interest within 3 months after service of a copy of the notice of administration on the surviving spouse or the spouse's successor in interest.

The wife filed her own memorandum, raising three arguments that her petition to determine her community property interest was not a claim against the estate subject to the statutory deadlines.

First, the wife argued that section 732.223 shows on its face that a spouse's community property interest is not a creditor claim. According to the wife, section 732.223 does not establish a date or timeframe when a surviving spouse must file a petition to perfect a community property interest, and does not refer to the creditor claim statutes in any way. Instead, the wife argued, section 732.223 is designed solely to limit a personal representative's duty to search for community property.

Second, the wife cited section 731.201(4), Florida Statutes (2015), which defines a "claim" as

> a liability of the decedent, whether arising in contract, tort, or otherwise, and funeral expense. The term does not include an expense of administration or estate, inheritance, succession, or other death taxes.

Relying on that definition, the wife argued that her community property interest was not a liability of the decedent, and therefore was not a "claim" under section 731.201(4).

Third, the wife argued that if her petition was a claim, then her community property interest fell within the common law "trust exception" and the statutory "lien exception" to section 733.702(1)'s and section 733.710(1)'s deadlines. We discuss the wife's arguments for each of these exceptions in more detail below.

### a. *The Common Law "Trust Exception"*

In support of the common law "trust exception" to the statutory deadlines, the wife cited the pre-Probate Code case of *Quintana v. Ordono,* 195 So. 2d 577

(Fla. 3d DCA 1967), and the post-Probate Code case of *Scott v. Reyes*, 913 So. 2d 13 (Fla. 2d DCA 2005), for an explanation of the exception.

In *Quintana*, the Third District held:

> Under Florida law, if a portion of the consideration belongs to the wife and title is taken in the husband's name alone, a resulting trust arises in her favor by implication of law to the extent that consideration furnished by her is used. A resulting trust is generally found to exist in transactions affecting community property in noncommunity property states where a husband buys property in his own name. Therefore, while the husband held legal title to the [property], he held a one-half interest in trust for his wife.

> It is well settled that the Florida nonclaim statute, s 733.16, . . . does not apply so as to require the [wife] to file a claim against the estate of the trustee.

> . . . Such procedure does not estop the wife from obtaining her interest. The administrators of the husband's estate are trustees as to the wife's equitable interest.

195 So. 2d at 580 (footnotes omitted).

In *Scott*, the Second District held:

> The "trust exception" . . . to the requirements of the nonclaim statute, as those exceptions pertain to recovery of property from an estate, have effectively been limited [by the Probate Code] to those situations where the decedent clearly held the property on behalf of the actual owner either by way of an express trust or some other clearly defined means. . . . If [] the decedent was merely in possession of the property but made no such assertion of ownership prior to his or her death, the assertion of ownership being made by the personal representative or heirs for the first time after the decedent's death would not require the filing of a claim.

913 So. 2d at 18 (citation omitted).

The wife, applying *Quintana*'s and *Scott*'s explanation of the "trust exception," argued that her community property interest qualified for the exception. According to the wife, under Texas law, "a trust relationship exists between husband and wife regarding the community property controlled by each spouse[.]" *Madrigal v. Madrigal*, 115 S.W.3d 32, 35 (Tex. App. San Antonio 2003). Thus, the wife argued, because her community property interest

5

remained titled in the decedent's name upon his death, the decedent held the wife's community property interest as a trustee, and the community property interest was exempt from the statutory deadlines.

### b. *The Statutory "Lien Exception"*

As a second exception to the statutory deadlines, the wife relied upon the lien exceptions contained in sections 733.702(4)(a) and 733.710(3), Florida Statutes (2015).

Section 733.702(4)(a) states: "Nothing in this section affects or prevents . . . [a] proceeding to enforce any mortgage, security interest, or other lien on property of the decedent."

Section 733.710(3) states: "This section shall not affect the lien of any duly recorded mortgage or security interest or the lien of any person in possession of personal property or the right to foreclose and enforce the mortgage or lien."

The wife, applying sections 733.702(4)(a) and 733.710(3), argued that even if her community property interest was considered as a claim, then the vesting of community property interest gave rise to an equitable lien which should be excepted from sections 733.702(1) and 733.710(1).

## 3. *The Circuit Court's Order*

The circuit court ultimately entered the order, now on appeal, granting the decedent's daughters' motion to strike the wife's petition. The order's conclusions of law state, in pertinent part:

> The Petition is an untimely claim against the estate pursuant to section 733.702(1), Fla. Stat., as it is a claim or demand against Decedent's estate for personal property in the possession of the personal representative, which claim was filed more than 3 months after the notice to creditors was first published.

> The Petition is further barred by section 733.710(1), Fla. Stat. [which bars any claim filed more than two years after the decedent's death].

> There is no "trust exception" or any other exception which allows [the wife] to file the Petition more than two years after Decedent's death.

(paragraph numerals omitted).

## 4. *This Appeal and Our Review*

This appeal followed. To the extent our review involves interpretation of sections 733.702's and 733.710's deadlines, or an examination of whether the wife qualifies for an exception to those deadlines, our review is de novo. *See Headley v. City of Miami*, 215 So. 3d 1, 5 (Fla. 2017) ("Issues of statutory interpretation are subject to de novo review."); *Inmon v. Air Tractor, Inc.*, 74 So. 3d 534, 537 (Fla. 4th DCA 2011) ("This court has *de novo* review of a circuit court's application of a statute of repose . . . because it involves an issue of law.").

The wife, mirroring her contentions in the circuit court, argues that her petition to determine her community property interest, filed pursuant to the "Florida Uniform Disposition of Community Property Rights at Death Act," was not in the nature of a claim, and thus not subject to any statutory deadlines. The wife further argues that if her petition was a claim, then her community property interest fell within the common law "trust exception" and the statutory "lien exception" to section 733.702(1)'s and section 733.710(1)'s deadlines.

The daughters argue that the circuit court properly struck the wife's petition as untimely pursuant to both section 733.702(1) and section 733.710(1) because the wife's petition is a claim. The daughters further argue that the petition is not excepted from either of the above statutes, because her claim does not constitute a lien, nor does her claim fall within the common law trust exception.

Applying de novo review, we agree with the daughters' arguments in six respects.

First, we agree with the daughters' argument that the wife's petition to determine her community property interest is a "claim" as that term is defined in section 731.201(4). Section 731.201(4) defines a "claim" as

> *a liability of the decedent*, whether arising in contract, tort, or otherwise, and funeral expense. The term does not include an expense of administration or estate, inheritance, succession, or other death taxes.

(emphasis added). The wife's community property interest is "a liability of the decedent." Although the decedent's possession of the community property in his name may have created a resulting trust, *see Quintana*, 195 So. 2d at 580 ("A resulting trust is generally found to exist in transactions affecting community property in noncommunity property states where a husband buys property in his own name."), upon the decedent's death, his estate became liable to the wife for her community property interest. Thus, upon the decedent's death, the wife's community property interest was a claim which the wife had to pursue.

7

Second, to the extent the decedent possessed the community property in his name at the time of his death, the wife's failure to make a claim upon her community property interest within section 733.702(1)'s three-month claim period barred her later-filed untimely claim (in the form of her petition). *See* § 733.702(1), Fla. Stat. (2015) ("If not barred by s. 733.710, no claim or demand against the decedent's estate that arose before the death of the decedent . . .[and] *no claim for personal property in the possession of the personal representative* . . . is binding on the estate, on the personal representative, or on any beneficiary *unless filed in the probate proceeding on or before the later of the date that is 3 months after the time of the first publication of the notice to creditors* or, as to any creditor required to be served with a copy of the notice to creditors, 30 days after the date of service on the creditor . . . .") (emphasis added).

Third, to the extent the wife's petition is not only a "claim" under section 731.201(4) but also a cause of action, the wife's failure to make a claim upon her community property interest within section 733.710(1)'s two-year claim period barred her later-filed untimely claim (in the form of the petition). *See* § 733.710(1), Fla. Stat. (2015) ("Notwithstanding any other provision of the code, *2 years after the death of a person, neither the decedent's estate, the personal representative, if any, nor the beneficiaries shall be liable for any claim or cause of action against the decedent,* whether or not letters of administration have been issued, except as provided in this section.") (emphasis added).

Fourth, the wife's reliance upon the common law trust exception is unavailing. The primary case upon which the wife relies, *Quintana*, construed section 733.16, Florida Statutes, which was repealed in 1974 as part of the Probate Code's adoption in 1976. Thus, *Quintana*'s viability is questionable. *See Scott*, 913 So. 2d at 17 ("[T]he repeal of the former Florida Probate Law and the adoption of the Code call into question the continued viability of some of the earlier decisions that have applied the trust exception to exclude certain types of claims from the operation of the statute."). Upon the Probate Code's adoption, "[t]he 'trust exception' . . . to the requirements of the nonclaim statute, as those exceptions pertain to recovery of property from an estate, have effectively been limited [by the Probate Code] to those situations where the decedent clearly held the property on behalf of the actual owner either by way of an express trust or some other clearly defined means." *Id.* at 18 (citation omitted). In *Scott*, our sister court, applying that limitation, concluded that the trust exception was inapplicable in that case because the wife there "did not allege the existence of an express trust or any other clearly defined means by which the Decedent held the accounts on her behalf." *Id.* Similarly here, the wife did not allege the existence of an express trust or any other clearly defined means by which the decedent held the community property interest on her behalf.

Fifth, the wife's reliance upon the lien exceptions contained in sections 733.702(4)(a) and 733.710(3) is similarly unavailing. To begin with, the wife cites no authority for her argument that the vesting of her community property interest gave rise to an equitable lien falling under either exception. Even if we were to consider that the vesting of her community property interest gave rise to an equitable lien falling under section 733.702(4)(a)'s exception ("Nothing in this section affects or prevents . . . [a] proceeding to enforce any mortgage, security interest, or other lien on property of the decedent."), we could not reach the same conclusion under the plain language of section 733.710(3)'s narrower exclusion. Section 733.710(3) states: "This section shall not affect the lien of any duly recorded mortgage or security interest or the lien of any person in possession of personal property or the right to foreclose and enforce the mortgage or lien." The wife's "lien" is not a "duly recorded mortgage or security interest," nor is she, in her individual capacity, "in possession of [the subject] personal property." The wife also has not provided any argument that she has a "right to foreclose and enforce the . . . lien."

Sixth, while we agree with the wife that section 732.223 is designed solely to limit a personal representative's duty to search for community property, we disagree with the wife's argument that sections 732.216–.228's failure to establish a deadline when a surviving spouse must file a petition to perfect a community property interest means no such deadline exists. Rather, as the daughters argue, a two-year deadline exists based on section 733.710(1)'s plain language: "*Notwithstanding any other provision of the code*, 2 years after the death of a person, neither the decedent's estate, the personal representative, if any, nor the beneficiaries shall be liable for any claim or cause of action against the decedent, whether or not letters of administration have been issued, except as provided in this section." (emphasis added).

## *Conclusion*

Upon the decedent's death, the wife had the ability to perfect her community property interest by seeking an order of the probate court pursuant to section 732.223. Because the wife's community property interest was a "claim" as defined in section 731.201(4), the wife had three months after the time she published the notice to creditors to file her claim according to section 733.702(1), and in any event had two years after the decedent's death to file her claim according to section 733.710(1). The wife did neither. As a result, the circuit court properly found that the wife's untimely claim (in the form of her petition) was barred, and that no exception to the statutory deadlines existed. Ruling otherwise would have left no deadline by which the wife had to file a petition to perfect her community property interest, contrary to section 733.710(1).

*Affirmed.*

9

LEVINE and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***